**12 CIV 4175**

Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
Michael Barnett (MB-7686)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs*
*Spanski Enterprises, Inc. and EuroVu, S.A.*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                           :
SPANSKI ENTERPRISES, INC. and                              :
EUROVU, S.A.,                                              :
                                                           :     ___ CV _____
            Plaintiffs,                                    :
                                                           :
        v.                                                 :
                                                           :
INTERCOM VENTURES, LLC, INTERCOM     :  **COMPLAINT**
POLAND, LLC, TONY HOTI and DYLAN     :
BATES,                                                     :
                                                           :
            Defendants.                                    :
------------------------------------------------------------X

Plaintiffs Spanski Enterprises, Inc. and EuroVu, S.A., by their attorneys Loeb & Loeb LLP, allege as follows against Defendants Intercom Ventures, LLC, Intercom Poland, LLC, Tony Hoti and Dylan Bates:

### NATURE OF ACTION – COPYRIGHT

1.  This is a civil action seeking injunctive relief and damages for copyright infringement and contributory copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*). As set forth herein, Defendants are unlawfully distributing

and/or contributing to the unlawful distribution of episodes of certain Polish-language television programming that Plaintiffs have the exclusive authority to distribute in the United States. Defendants' infringements are willful and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs injury that cannot be fully compensated for or measured in money. Plaintiffs therefore seek preliminary and permanent injunctive relief against Defendants Intercom Ventures, LLC and Intercom Poland, LLC, in addition to actual damages against all Defendants for infringements of each episode of each program they have distributed and/or caused to be distributed without authorization.

## THE PARTIES

2. Plaintiff Spanski Enterprises, Inc. ("SEI") is a corporation organized under the laws of Canada with its principal place of business in Mississauga, Ontario. SEI and its subsidiaries are engaged in, among other things, the distribution of Polish-language television and radio content in North and South America via satellite and cable television, and over the Internet.

3. Plaintiff EuroVu, S.A. ("EuroVu") is a Swiss corporation with its principal place of business in Sion (Valais), Switzerland. EuroVu is a subsidiary of SEI.

4. Defendant Intercom Ventures, LLC ("Intercom Ventures") is a limited liability company organized under the laws of the State of Illinois. Intercom Ventures is a marketer and distributor of Internet Protocol Television ("IPTV"), which involves the transmission of television programming over the Internet to digital receivers connected to televisions in homes and businesses.

5. Defendant Tony Hoti ("Hoti") is one of the principal owners and the president of Intercom Ventures. Upon information and belief Hoti is inducing, contributing to and vicariously liable for the Intercom Defendants' infringing conduct.

6. Defendant Intercom Poland, LLC ("Intercom Poland") is a limited liability company organized under the laws of the State of Delaware. Intercom Poland is a subsidiary of Intercom Ventures, and Intercom Ventures uses Intercom Poland to market and distribute IPTV, including the television programming at issue in this action.

7. Defendant Dylan Bates ("Bates") is an individual and the manager of DBPol, LLC, an Illinois limited liability company that is a manager of Intercom Poland. Upon information and belief, Bates manages Intercom Poland through DBPol, LLC, and either individually or through DBPol, LLC owns about thirty five percent (35%) of Intercom Poland. Upon information and belief Bates is inducing, contributing to and vicariously liable for Intercom Poland's infringing conduct.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to the Copyright Act, 28 U.S.C. § 1338(a).

9. This Court has personal jurisdiction over Intercom Ventures and Intercom Poland because (upon information and belief) they regularly do business and provide services to customers in the State of New York, and over all Defendants because they have committed copyright infringement, and/or contributed to copyright infringement, that took place (and is still taking place) in the State of New York.

10. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a), because a substantial part of the acts of infringement complained of herein occurred in

this District, and Defendants are subject to personal jurisdiction – and therefore can be found – in this District.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

11. Pursuant to a long-term license agreement with Telewizja Polska, S.A. (a corporation wholly owned by the Polish government), SEI has the exclusive right to distribute certain Polish-language television programming (including programming appearing on the network TVP Polonia) in North and South America.

12. SEI has granted its subsidiary EuroVu a license to distribute and sub-license TVP Polonia programming in the United States.

13. Separately, by agreement dated as of May 12, 2003, EuroVu acquired from Fincast Sp. z.o.o. – and, by subsequent agreement dated as of April 1, 2006, from Fincast's successor company Polcast – an exclusive license to distribute (in the United States and certain other countries via cable television, satellite television and/or the Internet) Polish-language television programming that appears on a network called Tele5.

14. By agreement entered into as of January 2011 (the "Intercom License Agreement"), EuroVu granted Intercom Ventures a license to transmit TVP Polonia and Tele5 programming via the IPTV.

15. Hoti signed the Intercom License Agreement as president of Intercom Ventures.

16. The Intercom License Agreement provided for minimum monthly license payments to EuroVu.

17. Following execution of the License Agreement, Intercom Ventures proceeded to market and distribute TVP Polonia and Tele5 through its subsidiary Intercom Poland.

4

18. The TVP Polonia and Tele5 programming licensed to Intercom Ventures included episodes of the Polish-language television series *Galeria*, *Barwy szczęścia*, *Blondynka* and *Warto kochać*, among others.

19. The TVP Polonia programming was created, developed and produced outside of the United States, and first aired in Poland, or first aired simultaneously in Poland and the United States.

20. The Tele5 programming on which Plaintiff EuroVu sues for infringement was created, developed and produced outside of the United States, and first aired in Poland, or first aired simultaneously in Poland and the United States.

21. In the event of breach of a payment provision, the License Agreement provided for termination for cause upon 10 days' written notice to Intercom Ventures, which could choose to cure the payment-related breach within the 10 days following the written notice.

22. Intercom Ventures failed to cure payment-related breaches within the 10-day periods for cure.

23. On May 1, 2012, Intercom Ventures was sent notice by overnight mail that several payments were past due.

24. Defendants did not make the requisite payments within 10 days following their receipt of the notice of default, or at any time thereafter.

25. On May 16, 2012, in a letter addressed to Hoti, EuroVu notified Intercom Ventures of the immediate termination of the Intercom License Agreement due to Intercom Ventures' failure to make mandatory payments.

26. By the terms of the License Agreement, the Agreement was thus terminated on May 17, the date that Defendants received the written notice of termination.

27. In the May 16 letter addressed to Hoti, EuroVu demanded that Intercom Ventures, its affiliates and agents cease the performance, display and distribution of the licensed television programming, including episodes of television series appearing on TVP Polonia and Tele5, by midnight on May 18.

28. Notwithstanding the termination of the Intercom License Agreement, Intercom Ventures and Intercom Poland continue to distribute and transmit TVP Polonia and Tele5 programming to subscribers, including subscribers in New York.

29. Having chosen not to make the payments mandated by the Intercom License Agreement and caused its termination, Defendants have now opted to pirate Polish-language television programming in violation of Plaintiffs' exclusive rights in that programming.

## CLAIM I

### (DIRECT INFRINGEMENT OF COPYRIGHTS AGAINST INTERCOM VENTURES, LLC AND INTERCOM POLAND, LLC)

30. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 29 as if set forth fully herein.

31. SEI is the owner of the exclusive right to distribute TVP Polonia television programs (and episodes of those programs) in the United States.

32. EuroVu is the owner of the exclusive right to distribute Tele5 television programs (and episodes of those programs) in the United States.

33. These programs, and episodes of these programs, were created, developed and produced outside of the United States, and first aired in Poland, or first aired simultaneously in Poland and the United States.

34. Defendants Intercom Ventures and Intercom Poland have violated SEI's exclusive rights by distributing, without authorization, episodes of TVP Polonia television programs in the United States.

35. Defendants Intercom Ventures and Intercom Poland have violated EuroVu's exclusive rights by distributing, without authorization, episodes of Tele5 television programs in the United States.

36. Each unlawful distribution of an episode of a TVP Polonia or Tele5 program constitutes a separate act of infringement for which Plaintiffs are entitled to actual damages.

37. Intercom Ventures and Intercom Poland's acts of infringement have been willful, intentional, and in disregard and with indifference to Plaintiffs' rights.

38. Intercom Ventures and Intercom Poland's conduct has caused, and unless enjoined and restrained by this Court may continue to cause, Plaintiffs injury that cannot fully be compensated or measured in money. Plaintiffs therefore have no adequate remedy at law.

39. As a result of Defendants' infringements of Plaintiffs' exclusive rights under copyright, Plaintiffs are entitled under 17 U.S.C. § 504(b) to actual damages and Defendants' profits.

## CLAIM II
## (CONTRIBUTORY INFRINGEMENT OF COPYRIGHTS AGAINST INTERCOM VENTURES, LLC)

40. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 39 as if set forth fully herein.

41. Since the for-cause termination of the Intercom License Agreement, Intercom Ventures has provided its subsidiary Intercom Poland with the electronic transmission signal for

7

the TVP Polonia and Tele5 networks (which transmission includes TVP Polonia's daily programming and Tele5's daily programming), and, through its control over and/or affiliation with Intercom Poland, has directed and/or aided Intercom Poland's unauthorized distribution of TVP Polonia and Tele5 programming.

42. Defendant Intercom Ventures has violated SEI's exclusive rights to distribute TVP Polonia programming in the United States by knowingly inducing, causing and/or materially contributing to Defendant Intercom Poland's unauthorized distributions of TVP Polonia programs (and episodes of those programs).

43. Defendant Intercom Ventures has violated EuroVu's exclusive rights to distribute Tele5 programming in the United States by knowingly inducing, causing and/or materially contributing to Defendant Intercom Poland's unauthorized distributions of Tele5 programs (and episodes of those programs).

44. Defendant Intercom Ventures has acted in concert with Defendant Intercom Poland by facilitating, managing and/or directing Intercom Poland's unauthorized distributions, in violation of the copyright laws.

45. Each unlawful distribution of an episode of a TVP Polonia or Tele5 program constitutes a separate act of contributory infringement by Intercom Ventures for which Plaintiffs are entitled to actual damages.

46. Intercom Ventures' acts of contributory infringement have been committed willfully and with the knowledge that its conduct aided and abetted violations of Plaintiffs' respective exclusive rights to distribute TVP Polonia and Tele5 programming in the United States.

47. Intercom Ventures' conduct has caused, and unless enjoined and restrained by this Court may continue to cause, Plaintiffs injury that cannot fully be compensated or measured in money. Plaintiffs therefore have no adequate remedy at law.

## CLAIM III

## (CONTRIBUTORY INFRINGEMENT OF COPYRIGHTS AGAINST TONY HOTI AND DYLAN BATES)

48. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 47 as if set forth fully herein.

49. Hoti, as president and principal owner of Intercom Ventures, oversees, manages and/or supervises Intercom Ventures, as well as its subsidiary Intercom Poland. In this capacity, upon information and belief, Hoti has directed Intercom Ventures and/or Intercom Poland to distribute TVP Polonia and Tele5 programming following EuroVu's termination of the Intercom License Agreement.

50. Upon information and belief, Hoti, as a principal owner and the president of Intercom Ventures, directly benefits financially from Intercom Ventures and Intercom Poland's unauthorized distribution of TVP Polonia and Tele5 programming to paid subscribers.

51. Upon information and belief, Bates oversees, manages and/or supervises Intercom Poland. In this capacity, upon information and belief, Bates has purposely caused Intercom Poland to distribute, or assisted in Intercom Poland's distribution of, TVP Polonia and Tele5 programming following EuroVu's termination of the Intercom License Agreement.

52. Upon information and belief, Bates, as a principal owner of Intercom Poland and its manager, directly benefits financially from Intercom Poland's unauthorized distribution of TVP Polonia and Tele5 programming to paid subscribers.

9

53. Defendants Hoti and Bates have violated SEI's exclusive rights to distribute TVP Polonia programming in the United States by knowingly inducing, causing and/or materially contributing to Intercom Ventures and Intercom Poland's unauthorized distributions of TVP Polonia programs (and episodes of those programs).

54. Defendants Hoti and Bates have violated Euro Vu's exclusive rights to distribute Tele5 programming in the United States by knowingly inducing, causing and/or materially contributing to Intercom Ventures and Intercom Poland's unauthorized distributions of Tele5 programs (and episodes of those programs).

55. Defendants Hoti and Bates have acted in concert with Intercom Ventures and Intercom Poland by facilitating, managing and/or directing Intercom Ventures and Intercom Poland's unauthorized distributions, in violation of the copyright laws.

56. Each unlawful distribution of an episode of a TVP Polonia or Tele5 program constitutes a separate act of contributory infringement by Hoti and Bates for which Plaintiffs are entitled to actual damages.

57. Defendants Hoti and Bates' acts of contributory infringement have been committed willfully and with the knowledge that their conduct aided and abetted violations of Plaintiffs' respective exclusive rights to distribute TVP Polonia and Tele5 programming in the United States.

## CLAIM IV

### (VICARIOUS LIABILITY FOR INFRINGEMENT OF COPYRIGHTS AGAINST TONY HOTI AND DYLAN BATES)

58. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 57 as if set forth fully herein.

59. Defendant Hoti, as the principal owner and president of Intercom Ventures, has the right and ability to supervise Intercom Ventures and its subsidiary Intercom Poland, and upon information and belief does supervise them in their unlawful distribution of TVP Polonia and Tele5 programming. Further, upon information and belief, Defendant Hoti has a direct financial interest in the unlawful distribution of TVP Polonia and Tele5 programming by Intercom Ventures and/or Intercom Poland.

60. As a consequence of the foregoing Hoti is vicariously liable for the acts of infringement of Intercom Ventures and Intercom Poland.

61. Defendant Bates, as the manager and substantial owner of Intercom Poland, has the right and ability to manage Intercom Poland, and upon information and belief does manage it in its unlawful distribution of TVP Polonia and Tele5 programming. Further, upon information and belief, Defendant Bates has a direct financial interest in Intercom Poland's unlawful distribution of TVP Polonia and Tele5 programming.

62. As a consequence of the foregoing Bates is vicariously liable for the acts of infringement of Intercom Poland.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs are entitled to relief as follows:

a. Pursuant to 17 U.S.C. § 502 and Federal Rule of Civil Procedure 65, preliminary and permanent injunctive relief prohibiting Defendants Intercom Ventures, LLC and Intercom Poland, LLC, and all persons acting in concert or participating with them, from further infringing Plaintiffs' exclusive rights;

b. Pursuant to 17 U.S.C. § 504(b), actual damages and profits as a result of Defendants' direct and contributory infringements of Plaintiffs' exclusive rights under copyright; and

c. Any such other and further relief that the Court deems just and proper.

Dated: New York, N.Y.
May 25, 2012

BY: *(signature)*
Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
Michael Barnett (MB-7686)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs*
*Spanski Enterprises, Inc. and EuroVu, S.A.*