# EXHIBIT G



**LLOYD ROTHENBERG**
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4937
Main    212.407.4000
Fax     212.656.1076
lrothenberg@loeb.com

Federal Express

February 7, 2012

Intercom Ventures LLC
1165 North Clark Street
Suite 314
Chicago, Il 60610

Re: License Agreements

Dear Sir or Madame:

We are counsel to EuroVu S.A. and Telewizja Polska Canada Inc.

Reference is hereby made to the License Agreement made and entered into as of January 2011 (the "Agreement") by and between Intercom Ventures LLC, a Delaware limited liability company ("Intercom"), and EuroVu S.A. ("EuroVu") and License Agreement made and entered into as of February 2011 (the "Canadian Agreement") by Intercom and Telewizja Polska Canada Inc. ("TPC"). Capitalized terms used but not otherwise defined in this letter shall have the meanings ascribed thereto in the Agreement.

Section 2.3A. of the Agreement provides that commencing July 1, 2011, and continuing through December 31, 2011 Intercom's minimum monthly payment to EuroVu for the TVP Package under paragraphs 2.1 and 2.2 of the Agreement shall be Twenty Thousand ($20,000) per month.

Intercom has failed to pay to EuroVu the minimum monthly payment payable in November, 2011 in amount of $20,000. Such failure constitutes a payment breach.

Section 2.3B of the Agreement provides that commencing January 1, 2012, and continuing through December 31, 2012 Intercom's minimum monthly payment to EuroVu for the TVP Package under paragraphs 2.1 and 2.2 of the Agreement shall be Fifty Thousand ($50,000) per month.

Intercom has failed to pay to EuroVu the minimum monthly payment due in January, 2012 (i.e., $50,000). This failure constitutes a payment breach.

Section 2.4 of the Agreement provides that Intercom shall pay EuroVu a License Fee in a fixed amount equal to Three US Dollars ($3.00) for each Service Subscriber for each month that the Service Subscriber maintains a subscription for the Other Package. The Tele5 License Fee is separate and apart from and in addition to the minimum monthly payments required to be paid in accordance with Section 2.3 of the Agreement.



Intercom Ventures LLC
February 7, 2012
Page 2

Intercom has failed to pay to EuroVu no less than $17,002.50 of Tele5 License Fees required to be paid. Each such failure constitutes a payment breach.

In addition, Intercom has failed to pay to TPC no less than $14,005.00 of Licensee Fees required to be paid in December 2011 and January 2012 pursuant to the terms of the Canadian Agreement.

Section 16.1 of the Agreement and the Canadian Agreement provide that such agreements may be terminated for cause upon 30 days (10 days with respect to payment breaches) written notice if either party fails to perform any material obligation under such agreements or such violation is not cured within 30 days (10 days with respect to payment breaches) of written notice.

This letter constitutes written notice that Intercom has failed to perform a number of material obligations under the Agreement and the Canadian Agreement. Each of Intercom's failures constitutes a payment breach. Accordingly, if Intercom fails to cure all of such payment breaches within 10 days, EuroVu shall have the right to terminate each such agreement.

This letter is not intended to be an exhaustive list of your obligations to EuroVu pursuant to the Agreement or the Canadian Agreement or all of its remedies, and EuroVu and TPC expressly reserve all of its rights and remedies and waives nothing.

Sincerely,

*Lloyd Rothenberg*

Lloyd Rothenberg
Partner


cc: Daniel Cole, Esq.

NY1000497.2
209881-10001



**LLOYD ROTHENBERG**
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4937
Main    212.407.4000
Fax     212.656.1076
lrothenberg@loeb.com

Federal Express

February 14, 2012

Intercom Ventures LLC
1165 North Clark Street
Suite 314
Chicago, Il 60610

Re:   License Agreements

Dear Sir or Madame:

We are counsel to EuroVu S.A. and Telewizja Polska Canada Inc.

Reference is hereby made to the License Agreement made and entered into as of January 2011 (the "Agreement") by and between Intercom Ventures LLC, a Delaware limited liability company ("Intercom"), and EuroVu S.A. ("EuroVu") and License Agreement made and entered into as of February 2011(the "Canadian Agreement") by Intercom and Telewizja Polska Canada Inc. ("TPC").  Capitalized terms used but not otherwise defined in this letter shall have the meanings ascribed thereto in the Agreement.

Section 2.3B of the Agreement provides that commencing January 1, 2012, and continuing through December 31, 2012 Intercom's minimum monthly payment to EuroVu for the TVP Package under paragraphs 2.1 and 2.2 of the Agreement shall be Fifty Thousand ($50,000) per month.

Intercom has failed to pay to EuroVu the minimum monthly payment due in February, 2012 (*i.e.*, $50,000).  This failure constitutes a payment breach.

Section 2.4 of the Agreement provides that Intercom shall pay EuroVu a License Fee in a fixed amount equal to Three US Dollars ($3.00) for each Service Subscriber for each month that the Service Subscriber maintains a subscription for the Other Package.  The Tele5 License Fee is separate and apart from and in addition to the minimum monthly payments required to be paid in accordance with Section 2.3 of the Agreement.

Intercom has failed to pay to EuroVu no less than $4,317.00 of Tele5 License Fees required to be paid.  Each such failure constitutes a payment breach.

In addition, Intercom has failed to pay to TPC no less than $8,865.00 of Licensee Fees required to be paid in February 2012 pursuant to the terms of the Canadian Agreement.

Section 16.1 of the Agreement and the Canadian Agreement provide that such agreements may be terminated for cause upon 30 days (10 days with respect to payment breaches) written



notice if either party fails to perform any material obligation under such agreements or such violation is not cured within 30 days (10 days with respect to payment breaches) of written notice.

This letter constitutes written notice that Intercom has failed to perform a number of material obligations under the Agreement and the Canadian Agreement. Each of Intercom's failures constitutes a payment breach. Accordingly, if Intercom fails to cure all of such payment breaches within 10 days, EuroVu shall have the right to terminate each such agreement.

This letter is not intended to be an exhaustive list of your obligations to EuroVu pursuant to the Agreement or the Canadian Agreement or all of its remedies, and EuroVu and TPC expressly reserve all of its rights and remedies and waives nothing.

Sincerely,

*Lloyd Rothenberg*
Lloyd Rothenberg
Partner


cc:   Daniel Cole, Esq.



**LLOYD ROTHENBERG**
Partner

345 Park Avenue
New York, NY 10154

Direct   212.407.4937
Main    212.407.4000
Fax     212.656.1076
lrothenberg@loeb.com

Federal Express

February 20, 2012

Intercom Ventures LLC
1165 North Clark Street
Suite 314
Chicago, Il 60610

Re:   License Agreements

Dear Sir or Madame:

We are counsel to EuroVu S.A. and Telewizja Polska Canada Inc.

Reference is hereby made to the License Agreement made and entered into as of January 2011 (the "Agreement") by and between Intercom Ventures LLC, a Delaware limited liability company ("Intercom"), and EuroVu S.A. ("EuroVu") and License Agreement made and entered into as of February 2011(the "Canadian Agreement") by Intercom and Telewizja Polska Canada Inc. ("TPC"). Capitalized terms used but not otherwise defined in this letter shall have the meanings ascribed thereto in the Agreement.

Section 16.1 of the Agreement and the Canadian Agreement provide that such agreements may be terminated for cause upon 30 days (10 days with respect to payment breaches) written notice if either party fails to perform any material obligation under such agreements or such violation is not cured within 30 days (10 days with respect to payment breaches) of written notice.

Intercom has failed to cure numerous payment breaches within 10 days after written notice thereof. This letter constitutes written notice that the Agreement and the Canadian Agreement have been terminated effective immediately.

This letter is not intended to be an exhaustive list of your obligations to EuroVu pursuant to the Agreement and TPC pursuant to the Canadian Agreement or all of its rights and remedies, and EuroVu and TPC expressly reserve all of their respective rights and remedies and waive nothing.

Sincerely,

*Lloyd Rothenberg* (signature)

Lloyd Rothenberg
Partner

cc:   Daniel Cole, Esq.



LLOYD ROTHENBERG
Partner

345 Park Avenue
New York, NY 10154

Direct   212.407.4937
Main    212.407.4000
Fax     212.656.1076
lrothenberg@loeb.com

**LOEB & LOEB LLP**

**Federal Express**

March 20, 2012

Mr. Tony Hoti
President
Intercom Ventures, LLC
350 North LaSalle Blvd.
Suite 1000
Chicago, Illinois 60654

Re:  License Agreements

Dear Mr. Hoti:

We are counsel to EuroVu S.A. and Telewizja Polska Canada Inc.

Reference is hereby made to the License Agreement made and entered into as of January 2011 (the "Agreement") by and between Intercom Ventures LLC, a Delaware limited liability company ("Intercom"), and EuroVu S.A. ("EuroVu") and License Agreement made and entered into as of February 2011 (the "Canadian Agreement") by Intercom and Telewizja Polska Canada Inc. ("TPC"). Capitalized terms used but not otherwise defined in this letter shall have the meanings ascribed thereto in the Agreement.

1.   TVP Package Minimum Guarantees.

Section 2.3B of the Agreement provides that commencing January 1, 2012, and continuing through December 31, 2012 Intercom's minimum monthly payment to EuroVu for the TVP Package under paragraphs 2.1 and 2.2 of the Agreement shall be Fifty Thousand ($50,000) per month.

Intercom has failed to pay to EuroVu the minimum monthly payment for the month of February, 2012 due on March 10, 2012 in the amount of $50,000. This failure constitutes a payment breach.

2.   Tele5 License Fee.

Section 2.4 of the Agreement provides that Intercom shall pay EuroVu a License Fee in a fixed amount equal to Three US Dollars ($3.00) for each Service Subscriber for each month that the Service Subscriber maintains a subscription for the Other Package. The Tele5 License Fee is separate and apart from and in addition to the minimum monthly payments required to be paid in accordance with Section 2.3 of the Agreement.



Intercom Ventures LLC
Tony Hoti
March 20, 2012
Page 2

Intercom has failed to pay to EuroVu an aggregate of $26,392.50 of Tele5 License Fees comprised of the following: (a) $17,002.50 for the period January 1, 2011 through December 31, 2011, (b) $4,317 for January, 2012, and (c) $5,073 for February, 2012 . Each such failure constitutes a payment breach.

3.   Canadian Agreement.

In addition, Intercom has failed to pay to TPC $9,495 of Licensee Fees required to be paid for the month of February, 2012 pursuant to the terms of the Canadian Agreement.

Section 3.1 of the Agreement and the Canadian Agreement provide that any late payments shall incur late payment charges at the Citibank Prime Interest Rate (in the case of the Agreement) and the Royal Bank of Canada Prime Interest Rate (in the case of the Canadian Agreement) in each case plus the lessor of 5% per annum, or the maximum legal interest rate.

Section 16.1 of the Agreement and the Canadian Agreement provide that such agreements may be terminated for cause upon 30 days (10 days with respect to payment breaches) written notice if either party fails to perform any material obligation under such agreements or such violation is not cured within 30 days (10 days with respect to payment breaches) of written notice.

This letter constitutes written notice that Intercom has failed to perform a number of material obligations under the Agreement and the Canadian Agreement. Each of Intercom's failures constitutes a payment breach. Accordingly, if Intercom fails to cure all of such payment breaches within 10 days, EuroVu shall have the right to terminate each such agreement.

This letter is not intended to be an exhaustive list of your obligations to EuroVu pursuant to the Agreement or the Canadian Agreement or all of its remedies, and EuroVu and TPC expressly reserve all of its rights and remedies and waives nothing.

Sincerely,

*Lloyd Rothenberg*
Lloyd Rothenberg
Partner


cc:   Richard E. Steck, P.C.

NY1006340.1
209881-10008



LLOYD ROTHENBERG
Partner

345 Park Avenue
New York, NY  10154

Direct  212.407.4937
Main    212.407.4000
Fax     212.656.1076
lrothenberg@loeb.com

**Federal Express**

April 10, 2012

Richard E. Steck, Esq.
Richard E. Steck, P.C.
19 South LaSalle Street
Suite 1500
Chicago, Illinois  60603

Re:  License Agreements

Dear Mr. Steck:

Reference is made to your letter of March 30, 2012 regarding Intercom Ventures LLC, EuroVu S.A. and Telewizja Polska Canada Inc.

Please be advised of the following:

1.   Section 2.1A of the License Agreement made and entered into as of January 2011 (the "Agreement") by and between Intercom Ventures LLC, a Delaware limited liability company ("Intercom"), and EuroVu S.A. ("EuroVu") and License Agreement made and entered into as of February 2011 (the "Canadian Agreement") by Intercom and Telewizja Polska Canada Inc. ("TPC") provides as follows:

> It is understood and agreed that TVP Info constitutes a non-compensable inclusion in the Package, and in the event that TVP Info at any time ceases to be available for distribution in the Package, the Package License Fee payable to EuroVu for the Package excluding TVP Info shall remain the same as set forth above for the Package including TVP Info.

In other words, (a) neither EuroVu nor TPC had the obligation to hold the rights to distribute TVP Info for a period not less than the length of the contracts, (b) the fact that EuroVu and TPC did not hold those rights through January 31, 2016 is not contrary to the representations and warranties contained in paragraph 11.1A – and is in fact consistent with those representations and warranties when read in light of the specific written understanding Intercom had regarding those rights.

The request that the minimum guarantee be reduced if TVP Info was no longer available was specifically made by your client during the negotiation of the agreement, and was specifically rejected.  In a prior draft of the Agreement, Intercom requested inclusion of the following language at the end of Section 2.1A dealing with TVP Info no longer being available:  "... however, in such event [the event being TVP Info's unavailability], the TVP Package Minimum Guarantee described in Section 2.6, below will no longer apply."  This language (a) is conclusive



evidence of Intercom's actual knowledge of the limitations on the TVP Info license, (b) was rejected by EuroVu, and (c) was quite obviously not included in the final agreed upon version of the Agreement which Intercom signed. Please let us know if we should forward this draft of the Agreement to you.

2.  Intercom could not have entered into the Agreement and the Canadian Agreement based on the belief that EuroVu and TPC had the ability to supply TVP Info through January 16, 2016 based upon the clear and unambiguous language contained in Section 2.1A of each agreement. The balance of the arguments made in the second paragraph of your letter are similarly misguided.

3.  The inability of EuroVu and TPC to provide TVP Info is clearly and unambiguously addressed in Section 2.1A of each agreement, and was known to Intercom prior to entering into the agreements. Whether or not its absence ".. would severely limit the ability to market any of the related programming ..." (which our client has advised us is highly doubtful) is irrelevant. Intercom has specifically agreed that TVP Info constitutes a "non-compensable inclusion in the Package ..." and that if it ceases to be available for distribution the fees "... shall remain the same ..."

4.  The agreements are not voidable and are in fact as you state "enforceable." There has been no misrepresentation nor damages. Intercom has specifically agreed that the fees "... shall remain the same ..." EuroVu does not agree to renegotiate the minimum guarantees.

5.  Our client has advised that after reduction for Intercom's license fees paid on March 30th, the unpaid Tele5 License Fees balance for periods in 2011 remains $7,275. Also, in accordance with Section 3.1 of each agreement, interest accrues on all late payments at the Citibank Prime Interest Rate, plus the lesser of five percent per annum or the maximum legal interest rate, which we trust your client will have no problem calculating and remitting promptly.

This letter is not intended to be an exhaustive list of your obligations to EuroVu pursuant to the Agreement or the Canadian Agreement or all of its remedies, and EuroVu and TPC expressly reserve all of its rights and remedies and waives nothing.

Sincerely,

*Lloyd Rothenberg*
Lloyd Rothenberg
Partner

NY1006340.2
209881-10008