# EXHIBIT 7
# 9/28/12 ZAVIN DECLARATION
# CASE NO. 12-4175-WHP



*OPERATING AGREEMENT*

FOR

DBPol, LLC

AN ILLINOIS

LIMITED LIABILITY COMPANY

CONFIDENTIAL



EXHIBIT
TT's 1
9.5.12 ECC

CONFIDENTIAL

DB0002325

Table of Contents

ARTICLE 1 DEFINITIONS ........................................................................... - 1 -

ARTICLE 2 GENERAL PROVISIONS ............................................................ - 2 -

2.1    FORMATION OF COMPANY ............................................................ - 2 -
2.2    NAME ............................................................................................. - 2 -
2.3    PLACE OF BUSINESS ....................................................................... - 2 -
2.4    PURPOSE AND POWERS .................................................................. - 2 -
2.5    TERM ............................................................................................. - 3 -

ARTICLE 3 MEMBER; MANAGEMENT OF THE COMPANY ......................... - 3 -

3.1    MEMBER ......................................................................................... - 3 -
3.2    REGISTERED OFFICE AND AGENT .................................................... - 3 -
3.3    WRITTEN CONSENT ....................................................................... - 3 -
3.4    MANAGEMENT BY THE MEMBER ..................................................... - 3 -
3.5    AMENDMENT OF AGREEMENT IF LLC HAS MULTIPLE MEMBERS ...... - 3 -

ARTICLE 4 CAPITAL CONTRIBUTIONS ..................................................... - 4 -

4.1    CAPITAL CONTRIBUTIONS .............................................................. - 4 -
4.2    ADDITIONAL CONTRIBUTIONS ....................................................... - 4 -

ARTICLE 5 OFFICERS ............................................................................... - 4 -

5.1    OFFICERS ....................................................................................... - 4 -
5.2    OFFICERS AS AGENTS ..................................................................... - 4 -
5.3    EXECUTION OF DOCUMENTS .......................................................... - 4 -

ARTICLE 6 DISTRIBUTIONS ...................................................................... - 4 -

6.1    DISTRIBUTIONS .............................................................................. - 4 -
6.2    DISTRIBUTIONS IN KIND ................................................................ - 5 -

ARTICLE 7 TRANSFER OF INTEREST, ETC ................................................ - 5 -

7.1    ASSIGNMENT BY THE MEMBER ....................................................... - 5 -

ARTICLE 8 LIMITATION ON MEMBER'S LIABILITY AND INDEMNIFICATION OF
MEMBER ................................................................................................... - 5 -

8.1    LIMITATION ON MEMBER'S LIABILITY ............................................ - 5 -
8.2    INDEMNITIES .................................................................................. - 5 -
8.3    COMPANY DEBT LIABILITY ............................................................. - 5 -
8.4    INSURANCE ..................................................................................... - 6 -

ARTICLE 9 DURATION, DISSOLUTION AND LIQUIDATION ........................ - 6 -

9.1    DURATION: EVENTS CAUSING DISSOLUTION .................................. - 6 -

CONFIDENTIAL

9.2     LIQUIDATION. ........................................................................................ - 6 -

**ARTICLE 10 TAX MATTERS** .................................................................... - 6 -

10.1    TAXABLE YEAR. .................................................................................. - 6 -
10.2    METHOD OF ACCOUNTING. ................................................................. - 6 -
10.3    TAX ELECTIONS. .................................................................................. - 7 -

**ARTICLE 11 MISCELLANEOUS** ............................................................... - 7 -

11.1    AMENDMENT. ....................................................................................... - 7 -
11.2    GOVERNING LAW .............................................................................. - 7 -

CONFIDENTIAL

DB0002327

## LIMITED LIABILITY COMPANY OPERATING AGREEMENT

This Limited Liability Company Operating Agreement (as amended from time to time, this "Agreement") of DBPol LLC, shall be effective as of September __, 2010, between the Company (as hereinafter defined) and Dylan Bates, (the "Member"), as Member.

## RECITALS

*WHEREAS*, the Company was formed by the filing of the Articles of Organization with the Secretary of State of the State of Illinois on September 8, 2010; and

*WHEREAS*, the Member desires initially to establish a single-member limited liability company in accordance with the law of the State of Illinois, and intends to benefit fully from all rights and protections afforded under the Act; and

*WHEREAS*, the Member desires that the relationship between the Company, the Member, and future Members, if any, be governed by the terms and conditions of this Operating Agreement in all respects, as such may be amended from time to time.

*NOW THEREFORE*, in consideration of the foregoing, the covenants hereinafter set forth, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

## ARTICLE 1
## DEFINITIONS

"Act" shall mean the Illinois Limited Liability Company Act at 805 ILCS 180/1-1, *et seq.*, as amended from time to time.

"Affiliate" means, with respect to any Person, and other Person, directly or indirectly, through one or more intermediaries, controlling, controlled by or under common control with such Person. The term "control," as used in the immediately preceding sentence and elsewhere in the Agreement, means, with respect to any person, the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of the controlled Person.

"Agreement" has the meaning specified in the preamble.

"Capital Contribution" means each capital contribution made by the Member pursuant to Article 4 hereof.

"Articles" means the Articles of Organization of the Company, and any and all amendments thereto, filed on behalf of the Company in the office of the Secretary of State of Illinois.

CONFIDENTIAL

DB0002328

"Code" means the Internal Revenue Code of 1986, as amended, and corresponding provisions of any subsequent United States federal revenue act.

"Company" means DBPol, LLC and any successor limited liability company continuing the business of this company in the event of its dissolution.

"Indemnified Person" has the meaning specified in Section 8.2.

"Membership Interest" means the limited liability company interest of the Member in the Company at any particular time.

"Person" means an individual, partnership, joint venture, corporation, limited liability company, trust, unincorporated association or other entity or association.

"Transfer" means any direct or indirect sale, assignment, transfer, pledge, encumbrance or hypothecation of an interest in the Company or, the grant of a security interest in any interest in the Company.

## ARTICLE 2
## GENERAL PROVISIONS

2.1     Formation of Company.  The Member of the Company hereby: (a) acknowledges and ratifies the formation of the Company as a limited liability company pursuant to the Act by virtue of the filing of the Articles with the office of the Secretary of State of Illinois on September 8, 2010; (b) confirms and agrees to its status as the sole equity member of the Company; and (c) executes this Agreement for the purpose of continuing the existence of the Company and establishing the rights and duties of the Member.

2.2     Name.  The name of the Company shall be DBPol, LLC, or such other name as the Member shall select.

2.3     Place of Business.  The principal place of business of the Company shall be such place as the Member may from time to time determine.  The Member may establish and maintain such other offices and additional places of business of the Company, either within or without the State of Illinois, as the Member from time to time deems appropriate.

2.4     Purpose and Powers.  The purpose of the Company will be to engage in any lawful business that may be engaged in by a limited liability company organized under the Act. The Company shall have and may exercise all the powers and privileges to the fullest extent permitted by law as are necessary, appropriate or incidental to the conduct, promotion or attainment of the purpose of the Company.  Unless otherwise provided in this Agreement, any action taken by the Member and the signature of the Member on any agreement, contract instrument, or other document on behalf of the Company, shall be sufficient to bind the Company and shall conclusively evidence the authority of the Member and the Company with respect thereto.  Without limiting the foregoing, the Company may carry out its objectives and

-2-

DB0002329

accomplish its purposes as principal or agent, directly or indirectly, alone or with associates, or as a member or as a participant in any firm, association, trust, partnership or other entity. Although the Company may engage in any or all of the above activities, the Company need not engage in any one or more of them.

2.5    Term.  The Company will continue until terminated pursuant to the provisions of this Agreement.

## ARTICLE 3
## MEMBER; MANAGEMENT OF THE COMPANY

3.1    Member.  The name and address of the member is as follows:

Dylan Bates
790 Remington Blvd.
Bolingbrook, IL 60440

3.2    Registered Office and Agent.  The Company's initial registered office shall be located at 191 N. Wacker Dr., Suite 2300, Chicago, Illinois 60606, and its initial registered agent shall be Daniel C. Cole. The registered office and the registered agent may be changed by the Member, in its sole discretion,

3.3    Written Consent.  Any action permitted or required by applicable law or this Agreement may be taken if consent in writing, setting forth the action to be taken, is signed by the Member.

3.4    Management by the Member.  The business and affairs of the Company shall be managed by the Member.  The Member shall have full and complete authority, power and discretion to act on behalf of the Company in all matters respecting the Company and its operations, business and properties, to manage and control the business, affairs and properties (including the disposition of all or part thereof) of the Company, to make all decisions regarding those matters and to perform any and all other acts or activities customary or incident to the management of the Company's business.  Without limiting the generality of the above, the Member shall have full power and authority to assume and exercise all rights, powers and responsibilities granted to managing members by the Act.  The Member may appoint, employ or otherwise contract with any Person for the transaction of business of the Company or the performance of services for or on behalf of the Company, and the Member may delegate to any such Person such authority to act on behalf of the Company, as the Member shall possess.

3.5    Amendment of Agreement if LLC Has Multiple Members.  If, at any time, the Company has two or more members, the members shall, with reasonable promptness, make all amendments to this Agreement that are necessary to reflect their agreements as members of a multi-member LLC, including amendments concerning the allocation of the Company's profits and losses, the allocation of the Company's management rights, and other appropriate matters.

- 3 -

CONFIDENTIAL                                                            DB0002330

In the absence of these amendments, the Company shall be governed by the default provisions of the Act as applicable to multi-member limited liability companies.

## ARTICLE 4
## CAPITAL CONTRIBUTIONS

4.1    Capital Contributions.  The Member has contributed or will contribute to the Company the amount, in cash and/or property that is set forth on Exhibit A of this Agreement.

4.2    Additional Contributions.  The Member is not required to make any additional capital contributions to the Company; provided, however, it may voluntary make additional capital contributions.

## ARTICLE 5
## OFFICERS

5.1    Officers.  The Member may select natural persons who are agents or employees of the Company to be designated as officers of the Company ("Officers"), with such titles as the Member shall determine.  The Member may elect a President, Secretary and Treasurer and one or more Vice Presidents.  Any number of offices may be held by the same person.  The Member may appoint such Officers as it deems necessary and such Officers shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Member in its sole discretion.

5.2    Officers as Agents.  The Officers shall be deemed agents of the Company for the purpose of the Company's business, and the actions of the Officers taken in accordance with such powers shall bind the Company.

5.3    Execution of Documents.  All contacts, checks, drafts, bills of exchange and promissory notes and other negotiable instruments of the Company shall be executed in the name of the Company by the President, Secretary or Treasurer, or any other Officer that may be designated by the Member.

## ARTICLE 6
## DISTRIBUTIONS

6.1    Distributions.  Distributions shall be made at the times and in the aggregate amounts determined by the Member.

CONFIDENTIAL                                                                    DB0002331

6.2    Distributions in Kind.    At any time or from time to time the Member may determine to make all or a part of a distribution permitted under this Article 6 in property other than cash.

## ARTICLE 7
### TRANSFER OF INTEREST, ETC.

7.1    Assignment by the Member.    The Member may Transfer or hypothecate all or any part of his interest in the Company to any Person.

## ARTICLE 8
### LIMITATION ON MEMBER'S LIABILITY AND INDEMNIFICATION OF MEMBER

8.1    Limitation on Member's Liability.    Except as otherwise required in the Act, the debts, obligations, and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Member shall not be obligated of any such debt, obligation, or liability of the Company solely by reason of being a Member or participating in the management of the Company.    The failure of the Company to observe any formalities or requirements relating to the exercise of its powers or management of its business or affairs under the Act or this Agreement shall not be grounds for imposing any liability on the Member for liabilities of the Company.

8.2    Indemnities.    The Company shall indemnify, defend and hold harmless the Member and the Affiliates of the Member (severally, the "Indemnified Person," and collectively, the "Indemnified Persons"),    from and against any loss, damage, liability, cost or expense (including fees and expenses of counsel selected by the Indemnified Person) to which the Indemnified Person may become subject, arising out of or in connection with the business and operation of the Company to the fullest extent permitted by law if such Indemnified Person acted in good faith and in a manner which he believed to be in, or not opposed to, the best interests of the Company, and with respect to any criminal action or proceeding if he or she had no reasonable cause to believe his or her conduct was unlawful.    Such fees and expenses of counsel shall be paid by the Company as they are incurred.    However, if it is determined that such person is not entitled to indemnification, he or she shall repay such amounts to the Company.

8.3    Company Debt Liability.    The Member will not be personally liable for any debts or losses of the Company beyond its respective Capital Contribution.    The Member's liability to judgment creditors shall be limited solely to a charging order of the interest as set forth in the Act.    Judicial foreclosure and any other remedies that might adversely impact the Member's interest in the Company, or the Company's assets, are expressly prohibited and are unenforceable in all respects.    Any judgment creditor who obtains a charging order with respect to the Company shall be regarded as an assignee under the Act; and as such, during the period for which an interest is so charged, the judgment creditor shall have no right to vote on Company

- 5 -

DB0002332

matters, and shall be liable for all taxes, if any, on the income allocable to the charged interest, and similarly, shall enjoy the benefit of any losses allocable to such charged interest.

8.4     Insurance.  The Company may purchase and maintain insurance, on behalf of the Member and such other Persons as the Member shall determine, against any liability that may be asserted against, or expense that may be incurred by, such Persons in connection with the business or activities of the Company, regardless of whether the Company would have the power to indemnify such Persons against such liability under the provisions of this Agreement.

## ARTICLE 9
## DURATION, DISSOLUTION AND LIQUIDATION

9.1     Duration; Events Causing Dissolution.  The Company shall continue until, and shall be dissolved upon, the earlier of:

      (a)     the determination of the Member to dissolve the Company; or
      (b)     the entry of the decree of judicial dissolution by a court of competent jurisdiction, pursuant to the Act.

9.2     Liquidation.  Upon the dissolution of the Company, the Member (or any liquidator appointed by the Member) shall promptly file any notice, publish any advertisement or take any other action required under applicable law to effect such dissolution, commence to wind up the affairs of the Company, and shall apply and distribute the assets of the Company in accordance with the terms hereof and in the following order of priority:

      (a)     first, to the payment of all debts and obligations of the Company (including any debts of the Company to the Member) and the expenses of liquidation; provided that, in lieu of prior payment of certain debts and obligations, the Member (or any liquidator appointed by the Member) may establish a reasonable reserve for payment of such debts and obligations (which may reflect the unrealized portion of any installment obligations owned to the Company) and such reserve if remaining after payment of such debts and obligations shall be distributed to the holders of Units as soon as practicable; and

      (b)     second, all remaining assets of the Company shall be distributed to the Member.

## ARTICLE 10
## TAX MATTERS

10.1     Taxable Year.  The taxable year of the Company shall be the calendar year.

10.2     Method of Accounting.  The Company shall use the cash method of accounting.

- 6 -

CONFIDENTIAL                                                                 DB0002333

10.3    Tax Elections.  So long as the Company has one member, the Company shall be treated as a disregarded entity for tax purposes.  All other tax elections required or permitted to be made under the Code and any applicable state, local or foreign tax law shall be made in the discretion of the Member, and any decision with respect to the treatment of Company transactions on the Company's state, local or foreign tax returns shall be made in such manner as may be approved by the Member.

## ARTICLE 11
## MISCELLANEOUS

11.1    Amendment.  Amendments to this Agreement must be made by the Member.

11.2    Governing Law.  This Agreement will be governed by and construed under the internal laws of the State of Illinois, without regard to its principles pertaining to conflict of laws.

- 7 -

CONFIDENTIAL

DB0002334

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on this ____ day of _____, 2010, effective as of September 8, 2010.


**COMPANY:**

**DBPol, LLC**


By: _____

Dylan Bates, Member

**MEMBER:**

Dylan Bates

_____

CONFIDENTIAL

DB0002335

EXHIBIT A

| Member | Initial Capital Contribution | Percentage Ownership |
|---|---|---|
| Dylan Bates | $1,000 | 100% |
| **TOTAL CONTRIBUTIONS** | **$1,000** | **100%** |

CONFIDENTIAL