# EXHIBIT A

# 10/5/12 PARKS DECLARATION

# CASE NO. 12-4175-WHP

# OLSHAN

PARK AVENUE TOWER • 65 EAST 55TH STREET • NEW YORK, NEW YORK 10022
TELEPHONE: 212.451.2300 • FACSIMILE: 212.451.2222

EMAIL: MFEINBERG@OLSHANLAW.COM
DIRECT DIAL: 212.451.2387

July 20, 2012

**VIA FACSIMILE (212-805-6390)**

The Honorable William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Court Room 11D
New York, NY 10007

> Re:  *Spanski Enterprises, Inc., et al. v. Intercom Ventures, LLC, et al.,*
> *12-CV-4175*
>
> *Pre-Motion to Dismiss Conference Letter on Behalf of Dylan*
> *Bates*

Dear Judge Pauley:

    We are writing as co-counsel on behalf of defendant Dylan Bates in the above captioned copyright case. Kevin Parks of Leydig, Voit & Mayer, Ltd., the lead counsel in this case, will shortly be seeking *pro hac vice admittance*, and joins me in this letter, submitted under this Court's Individual Rule III(A). We respectfully request a pre-motion conference regarding Mr. Bates' anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (6), for lack of personal jurisdiction and failure to state a claim of secondary copyright liability.

    Mr. Bates lives and works in the Chicago suburb of Bolingbrook, Illinois, fulfilling his duties as Chief Operating Officer of ATI Physical Therapy, a company not involved in this litigation. He has never been to, or transacted business in, the state of New York in connection with the business of either defendant company, or in connection with the matters alleged in the amended complaint.

    The gravamen of the amended complaint is that defendants Intercom Ventures, LLC and Intercom Poland, LLC infringed copyrights by transmitting certain television programs between May 17 and June 11, 2012. (Am. Compl. ¶ 28; Docs. 19, 20). Mr. Bates is not affiliated with, and has no interest in, Intercom Ventures, and his connection to Intercom Poland is by virtue of an investment in a separate, *non-party* entity (DBPol, LLC) that is Intercom Poland's legal "manager." Mr. Bates has never had any operational control or day-to-day responsibilities with respect to defendants' businesses. Under these circumstances, no personal jurisdiction can be

July 20, 2012
Page 2

exercised over Mr. Bates under New York law, nor would the exercise of jurisdiction comport with due process. *See Light v. Taylor*, No. 05-5003, 2007 WL 274798, at *3-5, *6 (S.D.N.Y. Jan. 29, 2007).

Plaintiffs purport to make claims of secondary liability in their attempt to involve Mr. Bates. (Am. Compl. ¶¶ 63-78). On "vicarious" liability, plaintiffs allege that Mr. Bates "has the right and ability to manage Intercom Poland, and upon information and belief did manage it in its unlawful distribution of [the programming]." (Am. Compl. ¶ 77). Similarly, plaintiffs' claim of "contributory" infringement is premised on the allegation that Mr. Bates "oversees, manages and/or supervises Intercom Poland. In this capacity, upon information and belief, Bates purposely caused Intercom Poland to distribute, or assisted in Intercom Poland's distribution of [the programming]…" (Am. Compl. ¶ 66).

Plaintiffs allege that Mr. Bates' wrongdoing consisted of "knowingly inducing, causing and/or materially contributing to" acts of infringement committed by the defendant entities" (Am. Compl. ¶¶ 68, 69, 70). But the amended complaint never moves beyond general speculation, and fails to articulate how Mr. Bates was purportedly involved in any particular act of infringement. The use of scattershot, vague, conclusory, legalistic allegations does not state a claim. *See, e.g., Berry v. Deutsche Bank Trust Co. Ams.*, No. 07-7634, 2008 WL 4694968, at *3 (S.D.N.Y. Oct. 21, 2008). Secondary copyright liability does not extend to those with the formal or legal right to manage an entity, as opposed to individuals who materially contribute to, or who otherwise control the personnel and activities responsible for direct infringement. *Id.* at *4-5. Plaintiffs have not, and cannot make such allegations against Mr. Bates.

Mr. Bates will submit a supporting declaration such that, if necessary, his motion can be treated under Fed. R. Civ. P. 56. In this regard, Mr. Bates is eager to provide any further information reasonably necessary to establish that he is not a proper party to these proceedings (as he previously offered to do in Mr. Parks' June 18 letter to plaintiffs' counsel), as long as he is given the reciprocal opportunity to discover the nature of the unspecified information on which plaintiffs formed their stated belief that Mr. Bates should personally be held accountable for the acts alleged in the amended complaint.

For these reasons, we respectfully request a pre-motion conference so that we may submit a Motion to Dismiss Plaintiffs' Complaint against Mr. Bates.

July 20, 2012
Page 3

It is our understanding that, in accordance with Your Honor's Individual Practice Rule III(A)(iii), "service of a pre-motion conference letter within the time period provided by Federal Rule of Civil Procedure 12(a) extends the time to answer or move to dismiss until further order of the Court." We note that it is Mr. Bates' contention that he was not originally served in this matter and we agreed to accept service of the Amended Complaint. As such our answer was due by July 16, 2012 and extended until July 23, 2012, as per the Court's Order of today (Dkt. No. 23). Accordingly, it is our understanding that Mr. Bates' time to answer or move to dismiss will be extended until further order of the Court.

Respectfully submitted,

*[signature]*

Martin J. Feinberg

cc: Jonathan Zavin (jzavin@loeb.com)
Richard E. Steck (airsteck@usa.net)
Charles J. Kleiner (charles@kleinerlaw.com)
Daniel C. Cole (dcole@handlerthayer.com)
Kevin C. Parks (kparks@leydig.com)

1729863-2