# EXHIBIT C

# 10/5/12 PARKS DECLARATION

# CASE NO. 12-4175-WHP

Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
Michael Barnett (MB-7686)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs*
*Spanski Enterprises, Inc. and EuroVu, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
 :
SPANSKI ENTERPRISES, INC. and
EUROVU, S.A.,
 :  12-CV-4175-WHP-AJP
          Plaintiffs,
 :
     v.
 :
INTERCOM VENTURES, LLC, INTERCOM :   **REQUESTS FOR DOCUMENTS**
POLAND, LLC, TONY HOTI and DYLAN     **TO DYLAN BATES**
BATES,
 :
          Defendants.
 :
-------------------------------------------------------- X

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Spanski Enterprises, Inc. and EuroVu, S.A., by and through their undersigned counsel, hereby request that Defendant Dylan Bates produce the following documents for inspection and copying, within (14) days of service hereof, in accordance with the Instructions and Definitions set forth herein.

## INSTRUCTIONS

A. Unless otherwise stated, each document request covers the time period of August 1, 2010 to the present.

B. These document requests are being issued pursuant to the Court's Order, issued during a telephonic conference of the parties on August 9, 2012, that Plaintiffs be given the opportunity to discover the facts relevant to Defendant Dylan Bates' proposed motion to dismiss.

C. These requests apply to all documents in your possession, custody or control, regardless of whether such documents are held by you or your affiliates, designees, agents, managers, employees, representatives, attorneys, or any other person.

D. Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

E. All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

F. You are instructed to produce documents either as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with each of these requests. In producing documents, all documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated.

G. If no documents exist that are responsive to a particular request, you shall state so in writing.

H. If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the documents or portion thereof, including any claim of a privilege, in sufficient detail to permit the Court to adjudicate the validity of your withholding the document, and identify each document so withheld by providing at least the following information:

1. the type of document (e.g., memorandum, letter, report, etc.);
2. the place, date and manner of preparation of the document;
3. the title and subject matter of the document;
4. the identity, affiliation and position of the author, the addressee(s), and all recipients of the document;
5. the number of pages of the document;
6. the present custodian of the document; and
7. a statement of (i) the nature of the legal privilege or protection from discovery claimed and (ii) the factual basis for that claim of privilege or protection from discovery, including the facts establishing the claim of privilege or protection from discovery, the facts showing that the privilege has not been waived, and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

I. If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the documents or portion thereof, including any claim of a privilege, in sufficient detail to permit the Court to adjudicate the validity of your action. If a portion of an otherwise responsive document contains information subject to a claim or privilege or protection from discovery, those portions of the document shall be deleted or redacted from the document, and the deleted or redacted portions shall be clearly marked as such, and the rest of the documents shall be produced.

J. With respect to any responsive document that was formerly in your possession, custody or control and has been lost, destroyed or transferred out of your control, identify such document by setting forth its author(s), addressee(s), copyee(s), date, title, number of pages, subject matter, nature (e.g., memorandum, letter, report, etc.), actual or approximate date on which the document was lost,

destroyed or transferred, and, if destroyed, the conditions of and reasons for such destruction and the names of the person authorizing and performing the destruction.

K. If any document requested is not in your possession, custody or control, state the name and address of each person known to have possession, custody or control of such document.

L. If you object to any of these requests, of any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

M. These requests are to be deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

N. Each paragraph herein shall be construed independently and without reference to any other paragraph for the purpose of limitation.

O. The use of a verb in any tense shall be construed as the use of a verb in all other tenses wherever necessary to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

P. A request's reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees and attorneys.

## DEFINITIONS

A.   Each document request incorporates (as if set forth fully herein) the definitions set out in Local Rule 26.3 of the U.S. District Court for the Southern District of New York, as well as the definitions and descriptions of the Parties set out in paragraphs 2 through 7 of Plaintiffs' Second Amended Complaint.

B. "Intercom" refers to either Intercom Ventures, LLC or Intercom Poland, LLC, or both.

C. "DBPol" refers to DBPol, LLC, an Illinois limited liability company that – according to Defendants – manages Intercom Poland.

D. "License Agreement" refers to the January 31, 2011 License Agreement (and any individual term or provision thereof) entered into between EuroVu and Intercom Ventures.

E. "TVP Polonia," "Tele5" and "TVP Info" refer to, respectively, separate Polish-language television networks; they also refer to any particular show or program that appears on one or several of these networks.

## DOCUMENT REQUESTS

1. All documents concerning discussions, negotiations, communications and/or meetings involving Plaintiffs, Boguslaw M. Spanski (also known as Bob Spanski) and/or any other representative of one or both of the Plaintiffs, on the one hand, and you and/or Intercom on the other hand.

2. All documents and communications discussing or concerning TVP Polonia, Tele5 and/or TVP Info.

3. All agreements or contracts between or among you and DBPol, or between or among you and Intercom, including but not limited to employment agreements, management agreements, and shareholder agreements.

4. Documents sufficient to show your ownership interest in DBPol or Intercom.

5. Documents sufficient to identify all shareholders, partners, or any other person or entity having an ownership interest of any kind or nature from August 1, 2010 through the

present in DBPol and/or Intercom Poland LLC, and the percentage and nature of such ownership interests.

6. All documents evidencing agreements or contracts between or among Intercom Ventures and DBPol, and all documents evidencing agreements or contracts between or among Intercom Poland and DBPol.

7. Documents sufficient to show all of the owners, members, managers, partners, directors, officers and employees of DBPol.

8. All documents and communications regarding the termination (by either party) of the License Agreement.

9. All documents and communications related in any way to or regarding the decision by Intercom to continue to distribute TVP Polonia and Tele5 programs following Intercom's receipt of the May 16, 2012 termination notice sent by EuroVu.

10. Documents sufficient to show all travel by you to or from the State of New York since January 2009.

11. Documents sufficient to identify all companies, corporations, partnerships and other entities incorporated in New York State, headquartered in New York State, registered or licensed to do business in New York State, or engaging in transactions in New York State, in which you have an ownership interest (directly or indirectly) of five (5) percent or more.

12. Documents sufficient to show all residences, offices and any other real property you own, lease, or otherwise control in New York State.

13. Documents sufficient to show all bank accounts and brokerage accounts that you maintain with financial institutions located in New York State.

14. Documents sufficient to show any employees that work for you (directly or indirectly) who reside in the State of New York.

Dated: New York, N.Y.
August 10, 2012

Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
Michael Barnett (MB-7686)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs*
*Spanski Enterprises, Inc. and EuroVu, S.A.*