# EXHIBIT D

# 10/5/12 PARKS DECLARATION

# CASE NO. 12-4175-WHP

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Illinois

| | | |
|---|---|---|
| Spanski Enterprises, Inc. et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-4175-WHP |
| Intercom Ventures, LLC, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Southern District of New York   ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  DBPol, LLC, 790 Remington Boulevard, Bolingbrook, Illinois 60440

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please see Attachment A hereto.

| Place:  Loeb & Loeb LLP, 321 North Clark Street, Suite 2300 Chicago, Illinois 60654 | Date and Time: 09/14/2012 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___08/20/2012___

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____

Spanski Enterprises, Inc. et al. (plaintiffs) _____ , who issues or requests this subpoena, are:

Michael Barnett (MB7686), Loeb & Loeb LLP, 345 Park Avenue, 18th Floor, New York, NY 10154
Email: mbarnett@loeb.com; Phone: 212-407-4163

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   12-4175-WHP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     _____

_____   on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                   _____
                                              *Printed name and title*

                                   _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A" TO SUBPOENA TO DBPOL, LLC

### INSTRUCTIONS

A.     Unless otherwise stated, each document request covers the time period of August 1, 2010 to the present, and covers all documents and communications created, modified or sent since August 1, 2010.

B.     These requests apply to all documents in your possession, custody or control, regardless of whether such documents are held by you or your affiliates, designees, agents, managers, employees, representatives, attorneys, or any other person.

C.     Where any copy of any requested document is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or material contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

D.     All documents that respond, in whole or in part, to any portion of any of these requests shall be produced in their entirety, without abbreviation or redaction, including all attachments and enclosures.

E.     You are instructed to produce documents either as they are kept in the usual course of business, or to produce documents organized and labeled to correspond with each of these requests. In producing documents, all documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, shall be left so segregated or separated.

F.     If no documents exist that are responsive to a particular request, you shall state so in writing.

1

G.    If a document is being withheld on the basis that it has already been produced by a Defendant in this action, you shall identify each such document with particularity.

H.    If any document or any portion of any document requested herein is withheld from production, describe the basis for withholding the document or portion thereof, including any claim of a privilege, in sufficient detail to permit the Court to adjudicate the validity of your withholding the document, and identify each document so withheld by providing at least the following information:

        1.    the type of document (e.g., memorandum, letter, report, etc.);

        2.    The date, title and subject matter of the document;

        3.    the identity, affiliation, and position of the author, the addressee(s), and all recipients of the document;

        4.    the present custodian of the document; and

        5.    a statement of (i) the nature of the legal privilege or protection from discovery claimed and (ii) the factual basis for that claim of privilege or protection from discovery, including the facts establishing the claim of privilege or protection from discovery, the facts showing that the privilege has not been waived, and a statement as to whether the subject matter of the contents of the document is limited to legal advice or contains other subject matter.

I.    If a portion of an otherwise responsive document contains information subject to a claim of privilege or protection from discovery, those portions of the document shall be deleted or redacted from the document, and the deleted or redacted portions shall be clearly marked as such, and the rest of the document shall be produced.

J.    With respect to any responsive document that was formerly in your possession, custody or control and has been lost, destroyed or transferred out of your control, identify such document by setting forth its author(s), addressee(s), copyee(s), date, title, number of pages, subject matter, nature (e.g., memorandum, letter, report, etc.), actual or approximate date on which the document was lost, destroyed or transferred, and, if destroyed, the conditions of and

2

reasons for such destruction and the names of the person authorizing and performing the destruction.

K.    If any document requested is not in your possession, custody or control, state the name and address of each person known to have possession, custody or control of such document.

L.    If you object to any of these requests, or any portion thereof, state each such objection with particularity and the bases therefore, and respond to the remainder of the request to the extent that you are not objecting to it.

M.    These requests are to be deemed continuing in nature and you are obliged to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

N.    Each paragraph herein shall be construed independently and without reference to any other paragraph for the purpose of limitation.

O.    The use of a verb in any tense shall be construed as the use of a verb in all other tenses wherever necessary to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

P.    A request's reference to an entity (as opposed to a natural person) refers to the entity and to all persons affiliated with it, including but not limited to its owners, members, managers, partners, directors, officers, agents, representatives, employees and attorneys.

## DEFINITIONS

A.    Each document request incorporates (as if set forth fully therein) the definitions set out in Local Rule 26.3 of the U.S. District Court for the Southern District of New York, as

3

well as the definitions and descriptions of the Parties set out in paragraphs 2 through 7 of Plaintiffs' Second Amended Complaint.

B.    "Intercom" refers to either Intercom Ventures, LLC or Intercom Poland, LLC, or both.

C.    "DBPol" refers to DBPol, LLC, an Illinois limited liability company that – according to Defendants – manages Intercom Poland.

D.    "License Agreement" refers to the January 31, 2011 License Agreement entered into between EuroVu and Intercom Ventures, as well as each individual term or provision thereof, and any draft of the License Agreement or draft provision of the License Agreement.

E.    "TVP Polonia," "Tele5" and "TVP Info" refer to, respectively, separate Polish-language television networks; they also refer to any particular show or program that appears on one or several of these networks.

F.    "TVP, S.A." refers to Telewizja Polska, S.A., a corporation wholly owned by the Polish government.

## DOCUMENT REQUESTS

1.    All documents and communications discussing or concerning the License Agreement, including but not limited to all drafts or versions of the License Agreement, and any License Agreement provisions relating to TVP Info.

2.    All documents and communications concerning discussions, negotiations, communications and/or meetings involving Plaintiffs, Boguslaw M. Spanski (also known as Bob Spanski) and/or any other representative of one or both of the Plaintiffs, on the one hand, and Intercom, DBPol, Tony Hoti and/or Dylan Bates on the other hand.

4

3.     To the extent not already requested, all documents and communications discussing or concerning SEI or EuroVu, including but not limited to SEI and/or EuroVu's rights to TVP Info.

4.     All documents and communications regarding the termination (by any party) of the License Agreement.

5.     All documents and communications (created, modified or sent since November 1, 2011) that discuss or concern TVP Polonia and/or Tele5, including but not limited to those documents and communications in which either Tony Hoti or Dylan Bates is mentioned, and including but not limited to those documents and communications in which Tony Hoti or Dylan Bates was a sender or recipient.

6.     All documents and communications discussing or concerning the distribution of TVP Info, TVP Polonia and/or Tele5 after (1) May 17, 2012 and/or (2) the termination (by any party) of the License Agreement, including but not limited to those documents and communications in which either Tony Hoti or Dylan Bates is mentioned, and including but not limited to those documents and communications in which Tony Hoti or Dylan Bates was a sender or recipient.

7.     All documents and communications that discuss or concern the distribution of TVP Info.

8.     All communications with TVP, S.A. and all documents discussing or concerning TVP, S.A..

9.     To the extent not already requested, all communications and documents discussing or concerning licenses, contracts and/or agreements with TVP, S.A., whether such licenses, contracts and/or agreements came into effect or not.

5

10.     All documents evidencing agreements or contracts between or among DBPol and Dylan Bates, and all documents evidencing agreements or contracts between or among DBPol and Tony Hoti, including but not limited to management agreements and shareholder agreements.

11.     All documents evidencing agreements or contracts between or among Intercom Ventures and DBPol, and all documents evidencing agreements or contracts between or among Intercom Poland and DBPol, including but not limited to management agreements and shareholder agreements.

12.     Documents sufficient to show all of the owners, members, managers, partners, directors, officers and employees of DBPol.