Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
Michael Barnett (MB-7686)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs*
*Spanski Enterprises, Inc. and EuroVu, S.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SPANSKI ENTERPRISES, INC. and                                :
EUROVU, S.A.,                                                :   12-CV-4175-WHP-AJP
                                                             :
                        Plaintiffs,                          :
                                                             :
        v.                                                   :
                                                             :   **THIRD**
INTERCOM VENTURES, LLC, TONY HOTI                            :   **AMENDED**
and DRILON QEHAJA,                                           :   **COMPLAINT**
                                                             :
                        Defendants.                          :
                                                             :
------------------------------------------------------------ X

Plaintiffs Spanski Enterprises, Inc. and EuroVu, S.A., by their attorneys Loeb & Loeb LLP, allege as follows against Defendants Intercom Ventures, LLC, Tony Hoti and Drilon Qehaja:

## NATURE OF ACTION

1.      This is a civil action for breach of contract, and for copyright infringement and contributory copyright infringement (17 U.S.C. §101 *et seq.*). As set forth herein, Defendant Intercom Ventures, LLC agreed to license certain Polish-language television programming from

Plaintiff EuroVu, S.A., then breached the licensing agreement by failing to pay the required licensing fees; yet in concert with the other Defendants, and following termination of the agreement, continued to distribute the programming and willfully infringed Plaintiffs' copyrights.

## THE PARTIES

2. Plaintiff Spanski Enterprises, Inc. ("SEI") is a corporation organized under the laws of Canada with its principal place of business in Mississauga, Ontario. SEI and its affiliates are engaged in, among other things, the distribution of Polish-language television and radio content in North and South America via satellite and cable television, and over the Internet.

3. Plaintiff EuroVu, S.A. ("EuroVu") is a Swiss corporation with its principal place of business in Sion (Valais), Switzerland. EuroVu is an affiliate of SEI.

4. Defendant Intercom Ventures, LLC ("Intercom Ventures") is a limited liability company organized under the laws of the State of Illinois. Intercom Ventures is a marketer and distributor of Internet Protocol Television ("IPTV"), which involves the transmission of television programming over the Internet to digital receivers connected to televisions in homes and businesses.

5. Defendant Tony Hoti ("Hoti") is one of the principal members and the President of Intercom Ventures. Hoti has induced, contributed to and is vicariously liable for Intercom Ventures' infringing conduct.

6. Defendant Drilon Qehaja ("Qehaja") is one of the principal members and the Chief Technology Officer of Intercom Ventures. Qehaja has induced, contributed to and is vicariously liable for Intercom Ventures' infringing conduct.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiffs' copyright claims pursuant to the Copyright Act, 28 U.S.C. § 1338(a). This Court has independent diversity jurisdiction over Plaintiff EuroVu's breach of contract claim against Defendant Intercom Ventures pursuant to 28 U.S.C. § 1332(a)(2), because there is complete diversity between the parties, and, as set forth below, the amount in controversy exceeds $75,000.

8. This Court has personal jurisdiction over Intercom Ventures because it regularly does business and provides services to customers in the State of New York, and over all Defendants because they have committed copyright infringement, and/or contributed to copyright infringement, that took place in the State of New York. Further, as to the breach of contract claim against Intercom Ventures, by its agreement with EuroVu, Intercom Ventures has agreed that New York is the exclusive forum for any dispute arising out of the agreement.

9. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. §1400(a), because a substantial part of the acts of copyright infringement complained of herein occurred in this District, and Defendants are subject to personal jurisdiction – and therefore can be found – in this District. Further, as to the breach of contract claim against Intercom Ventures, by its agreement with EuroVu, Intercom Ventures has agreed that New York is the exclusive forum for any dispute arising out of the agreement.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

10. Pursuant to a long-term license agreement with Telewizja Polska, S.A. (a corporation wholly owned by the Polish government), SEI has the exclusive right to distribute certain Polish-language television programming (including programming appearing on the Telewizja Polska-run network TVP Polonia) in North and South America.

11. SEI has granted its affiliate EuroVu a license to distribute and sub-license TVP Polonia programming in the United States.

12. Separately, by agreement dated as of May 12, 2003, EuroVu acquired from Fincast Sp. z.o.o. – and, by subsequent agreement dated as of April 1, 2006, from Fincast's successor company Polcast – an exclusive license to distribute, in the United States and certain other countries via cable television, satellite television and/or the Internet, Polish-language television programming that appears on a network called Tele5.

13. By agreement entered into as of January 2011 (the "License Agreement"), EuroVu granted Intercom Ventures a license to transmit TVP Polonia and Tele5 programming, along with certain other television and radio programming, via IPTV.

14. Hoti signed the License Agreement as president of Intercom Ventures.

15. The License Agreement provided for minimum monthly license payments to EuroVu for the "TVP Package," which included the TVP Polonia network. In 2011, the monthly license fee was $20,000, commencing July 1, 2011; it increased to $50,000 per month in 2012, $80,000 per month in 2013, $100,000 per month in 2014, and $150,000 per month in 2015 and through January 2016.

16. The License Agreement also required a monthly per-subscriber fee of $3.00 for each subscriber to a separate television package – different from the "TVP Package" – that included the Tele5 programming.

17. The License Agreement has an attorneys fees provision that reads:

Attorneys' Fees: If any party seeks to enforce such party's rights under this Agreement by legal proceeding or otherwise, the non-prevailing party shall be responsible for all costs and expenses incurred by the prevailing party in connection therewith, including, without limitation, reasonable attorneys' fees and witness/expert fees and costs.

4

18.  Following execution of the License Agreement, Intercom Ventures proceeded to market and distribute TVP Polonia and Tele5 through its affiliate Intercom Poland, LLC ("Intercom Poland").

19.  The TVP Polonia and Tele5 programming licensed to Intercom Ventures is comprised of individual episodes of Polish-language television shows.

20.  The TVP Polonia programming was created, developed and produced outside of the United States, and first aired in Poland, or first aired simultaneously in Poland and the United States.

21.  The Tele5 programming on which Plaintiff EuroVu sues for infringement was created, developed and produced outside of the United States, and first aired outside the United States, or first aired simultaneously outside the United States and within the United States.

22.  In the event of breach of a payment provision, the License Agreement provided for termination for cause upon 10 days' written notice to Intercom Ventures, which could choose to cure the payment-related breach within the 10 days following the written notice.

23.  Intercom Ventures failed to cure numerous payment-related breaches within the 10-day periods for cure.

24.  On May 1, 2012, Intercom Ventures was sent notice by overnight mail that several payments were past due.  This May 1 notice followed prior default notices sent to Intercom Ventures on or about Feb. 7, 2012, Feb. 14, Feb. 20 and March 20.

25.  Defendants did not make the requisite past-due payments within 10 days following their receipt of the May 1 notice of default, or at any time thereafter.

26. On May 16, 2012, in a letter addressed to Hoti, EuroVu notified Intercom Ventures of the immediate termination of the License Agreement due to Intercom Ventures' failure to make mandatory payments.

27. These payments included the monthly minimum fees for TVP Polonia for the months of March, April and May 2012 (totaling $150,000), as well as at least $7,275 for subscribers to the package containing Tele5 programming, which package is licensed at $3.00 per month per subscriber.

28. By the terms of the License Agreement, the Agreement was thus terminated on May 17, the date that Defendants received the written notice of termination.

29. In the May 16 letter addressed to Hoti, EuroVu demanded that Intercom Ventures, its affiliates and agents cease the performance, display and distribution of the licensed television programming, including episodes of television series appearing on TVP Polonia and Tele5, by midnight on May 18.

30. Notwithstanding this demand (and Plaintiffs' filing of this lawsuit on May 25, 2012), Intercom Ventures, acting in part through Intercom Poland, continued to distribute and transmit TVP Polonia and Tele5 programming to subscribers, including subscribers in New York, until June 11, 2012, when, in response to a motion for preliminary injunction that Plaintiffs filed in this action, Intercom Ventures agreed to cease its distribution of TVP Polonia and Tele5.

31. Hoti and Qehaja, as President and Chief Technology Officer, respectively, were the principal persons responsible for Intercom Ventures' distribution of television programming content, including the company's distribution of TVP Polonia and Tele5.

32. Hoti and Qehaja each had the authority and ability to cause Intercom Ventures to immediately cease distributing TVP Polonia and Tele5 upon EuroVu's termination of Intercom Ventures' license effective May 18, 2012.

33. Hoti and Qehaja refused to stop the distribution of TVP Polonia and Tele5 upon EuroVu's termination of Intercom Ventures' license effective May 18, even after Plaintiffs commenced this action on May 25, and both Hoti and Qehaja knowingly and intentionally caused Intercom Ventures to distribute TVP Polonia and Tele5 without authorization until June 11, 2012.

34. Prior to June 11, SEI pre-registered 82 individual episodes of TVP Polonia programming (hereinafter the "Registered Episodes") with the Copyright Office pursuant to 17 U.S.C. § 408(f).

35. The pre-registration of each Registered Episode occurred prior to the Registered Episode's unlawful distribution in the United States by Defendants, as well as the first lawful U.S. distribution by Plaintiffs or one of their licensees.

36. The Copyright Preregistration Number for each of the Registered Episodes is included in the list attached as an Appendix to this Third Amended Complaint.

37. Within a month of each Registered Episode's unlicensed distribution by Defendants, SEI registered the Registered Episode with the Copyright Office.

## CLAIM I

## (BREACH OF CONTRACT ASSERTED BY EUROVU, S.A. AGAINST INTERCOM VENTURES, LLC FOR PAST-DUE MONIES OWED)

38. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 37 as if set forth fully herein.

39. Plaintiff EuroVu and Defendant Intercom Ventures were parties to a valid and binding License Agreement that licensed programming to Intercom Ventures in consideration for licensing fees, including mandatory monthly minimum licensing fees for a "TVP Package" that included TVP Polonia programming.

40. Beginning in March 2012, Intercom Ventures failed to pay the monthly minimum licensing fees for TVP Polonia programming. It failed to pay these fees in April and May 2012 as well, even after EuroVu sent it notices for default.

41. Intercom Ventures also failed to pay at least $7,275 in fees for Tele5 programming, even after EuroVu sent it a notice of default.

42. By failing to pay its licensing fees Intercom Ventures materially and repeatedly breached the License Agreement, and is liable to EuroVu for contract damages to be proven at trial, but no less than $157,275, the minimum amount in license fees due and owing, as well as contractually provided interest accruing on these late payments.

## CLAIM II

## (BREACH OF CONTRACT ASSERTED BY EUROVU, S.A. AGAINST INTERCOM VENTURES, LLC FOR FUTURE MANDATORY LICENSE FEES)

43. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 42 as if set forth fully herein.

44. Plaintiff EuroVu and Defendant Intercom Ventures were parties to a valid and binding License Agreement that licensed programming to Intercom Ventures in consideration for licensing fees, including mandatory monthly minimum licensing fees for a "TVP Package" that included TVP Polonia programming.

45. Intercom Ventures materially and repeatedly breached the License Agreement, and caused the License Agreement's termination nearly four years prior to its expiration.

46. In addition to its liability for licensing fees that were past due as of termination, Intercom Ventures is liable to EuroVu for contract damages in the amount of EuroVu's actual loss caused by Intercom Ventures' breach of the contract, which is no less than $4,460,000, the total minimum monthly license fees that Intercom Ventures contractually obliged itself to pay from June 2012 to January 2016 inclusive for TVP Polonia programming.

## CLAIM III

## (DIRECT INFRINGEMENT OF COPYRIGHTS

## AGAINST INTERCOM VENTURES, LLC)

47. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 46 as if set forth fully herein.

48. Plaintiff SEI is the owner of the exclusive right to distribute TVP Polonia television programs (and episodes of those programs) in the United States.

49. These TVP Polonia programs, and episodes of these programs, were created, developed and produced outside of the United States, and first aired in Poland, or first aired simultaneously in Poland and the United States.

50. Plaintiff EuroVu is the owner of the exclusive right to distribute Tele5 television programs (and episodes of those programs) in the United States, including the programs sued hereon, which were created, developed and produced outside of the United States, and first aired outside the United States, or first aired simultaneously outside the United States and within the United States.

51.  Intercom Ventures has violated SEI's exclusive rights by distributing, without authorization, episodes of TVP Polonia television programs in the United States.

52.  Intercom Ventures has violated EuroVu's exclusive rights by distributing, without authorization, episodes of Tele5 television programs in the United States.

53.  Intercom Ventures' acts of infringement have been willful, intentional, and in disregard and with indifference to Plaintiffs' rights.

54.  Each unlawful distribution of an episode of a TVP Polonia or Tele5 program constitutes a separate act of infringement for which Plaintiffs are entitled to actual damages and Intercom Ventures' profits under 17 U.S.C. § 504(b).

55.  With respect to the 82 Registered Episodes, SEI is entitled, at its election, pursuant to 17 U.S.C. § 504(c), to seek statutory damages of up to $150,000 for each infringement of a Registered Episode; or, pursuant to 17 U.S.C. § 504(b), to seek actual damages and Intercom Ventures' profits for these infringements.

56.  Intercom Ventures' conduct has caused, and unless permanently enjoined and restrained by this Court may continue to cause, Plaintiffs injury that cannot fully be compensated or measured in money.  Plaintiffs therefore have no adequate remedy at law and seek a permanent injunction enjoining Intercom Ventures from distributing any Polish-language programming that Plaintiffs have the exclusive right to distribute in the United States.

## CLAIM IV

### (CONTRIBUTORY INFRINGEMENT OF COPYRIGHTS AGAINST TONY HOTI AND DRILON QEHAJA)

57.  Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 56 as if set forth fully herein.

58. Defendant Hoti, as President and a principal member of Intercom Ventures, oversees, manages and/or supervises Intercom Ventures, as well as its affiliate Intercom Poland. In this capacity, Hoti directed Intercom Ventures to distribute TVP Polonia and Tele5 programming following EuroVu's termination of the License Agreement.

59. Upon information and belief, Hoti, as a principal owner and the President of Intercom Ventures, directly benefitted financially from Intercom Ventures' unauthorized distribution of TVP Polonia and Tele5 programming to paying subscribers.

60. Defendant Qehaja, as Chief Technology Officer and a principal member of Intercom Ventures, oversees, manages and/or supervises Intercom Ventures. As Chief Technology Officer responsible for overseeing Intercom Ventures' distribution of television content (including through Intercom Poland), Qehaja had the authority and capacity to cause Intercom Ventures to immediately cease distributing TVP Polonia and Tele5 programming upon EuroVu's termination of Intercom Ventures' license effective May 18, 2012. He did not stop the distribution of TVP Polonia and Tele5, and knowingly and intentionally directed the unauthorized distribution of TVP Polonia and Tele5 to continue until June 11, 2012.

61. Upon information and belief, Qehaja, as Chief Technology Officer and a principal member of Intercom Ventures, directly benefitted financially from Intercom Ventures' unauthorized distribution of TVP Polonia and Tele5 programming to paying subscribers.

62. Hoti and Qehaja have violated SEI's exclusive rights to distribute TVP Polonia programming in the United States by knowingly inducing, causing and/or materially contributing to Intercom Ventures' unauthorized distributions of TVP Polonia programs (and episodes of those programs).

63. Hoti and Qehaja have violated Euro Vu's exclusive rights to distribute Tele5 programming in the United States by knowingly inducing, causing and/or materially contributing to Intercom Ventures' unauthorized distributions of Tele5 programs (and episodes of those programs).

64. Hoti and Qehaja have acted in concert with Intercom Ventures by facilitating, managing and/or directing Intercom Ventures' unauthorized distributions, in violation of the copyright laws.

65. Hoti and Qehaja's respective acts of contributory infringement have been committed willfully and with the knowledge that their conduct aided and abetted violations of Plaintiffs' respective exclusive rights to distribute TVP Polonia and Tele5 programming in the United States.

66. Each unlawful distribution of an episode of a TVP Polonia or Tele5 program constitutes a separate act of contributory infringement for which Plaintiffs are entitled to actual damages and Defendants' profits under 17 U.S.C. § 504(b).

67. With respect to the 82 Registered Episodes, SEI is entitled, at its election, pursuant to 17 U.S.C. § 504(c), to seek statutory damages of up to $150,000 for each contributory infringement of a Registered Episode; or, pursuant to 17 U.S.C. § 504(b), to seek actual damages and Defendants' profits for these infringements.

## CLAIM V

## (VICARIOUS LIABILITY FOR INFRINGEMENT OF COPYRIGHTS AGAINST TONY HOTI AND DRILON QEHAJA)

68. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 67 as if set forth fully herein.

69. Defendant Hoti, as a principal member and President of Intercom Ventures, has the right and ability to supervise Intercom Ventures, and did supervise Intercom Ventures in its unlawful distribution of TVP Polonia and Tele5 programming. Further, upon information and belief, Hoti had a direct financial interest in the unlawful distribution of TVP Polonia and Tele5 programming by Intercom Ventures.

70. As a consequence of the foregoing Hoti is vicariously liable for the acts of infringement of Intercom Ventures.

71. Defendant Qehaja, as a principal member and Chief Technology Officer of Intercom Ventures, has the right and ability to manage Intercom Ventures, and did direct Intercom Ventures' unlawful distribution of TVP Polonia and Tele5 programming. Further, upon information and belief, Qehaja had a direct financial interest in Intercom Ventures' unlawful distribution of TVP Polonia and Tele5 programming.

72. As a consequence of the foregoing Qehaja is vicariously liable for the acts of infringement of Intercom Ventures.

## PRAYER FOR RELIEF

**WHEREFORE**, on its breach of contract claims against Intercom Ventures, LLC, Plaintiff EuroVu, S.A. is entitled to:

    a. Unpaid license fees that are due and owing, to be proven at trial, but no less than $157,275, as well as contractually provided interest accruing on these late payments;

    b. Additional unpaid license fees in the amount of $4,460,000, the total minimum monthly license fees that Intercom Ventures contractually obliged itself to pay

from June 2012 to January 2016 inclusive for programming, as well as contractually provided interest accruing on these payments; and

 c. Attorneys' fees, costs and expenses (including any expert fees and costs) incurred in enforcing its rights under the License Agreement.

**WHEREFORE**, on their claims for copyright infringement and contributory copyright infringement, Plaintiffs are entitled to relief as follows:

 a. Pursuant to 17 U.S.C. § 502 and Federal Rule of Civil Procedure 65, permanent injunctive relief prohibiting Defendant Intercom Ventures, LLC, and all persons acting in concert or participating with it, from further infringing Plaintiffs' exclusive rights;

 b. At its election, pursuant to 17 U.S.C. § 504(c), statutory damages of up to $150,000 per infringement by Defendants of each Registered Episode, or, pursuant to 17 U.S.C. § 504(b), actual damages and profits for each infringement of a Registered Episode;

 c. Pursuant to 17 U.S.C. § 504(b), actual damages and profits as a result of Defendants' direct and contributory infringements of Plaintiffs' exclusive rights in TVP Polonia and Tele5 programming under copyright;

 d. Plaintiffs' attorneys' fees and costs, pursuant to 17 U.S.C. § 505; and

 e. Any such other and further relief that the Court deems just and proper.

Dated: New York, N.Y.
April 29, 2013

BY:
Jonathan Zavin (JZ-1846)
Christian D. Carbone (CC-6502)
Michael Barnett (MB-7686)
LOEB & LOEB LLP

345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs*
*Spanski Enterprises, Inc. and EuroVu, S.A.*

| Title of work | Pre-registration number | Registration Case No. |
|---|---|---|
| Barwy szczescia episode no. 583 | PRE000005462 | 1-784992822 |
| Barwy szczescia episode no. 584 | PRE000005457 | 1-784993295 |
| Barwy szczescia episode no. 585 | PRE000005467 | 1-785099553 |
| Barwy szczescia episode no. 586 | PRE000005476 | 1-785099795 |
| Barwy szczescia episode no. 587 | PRE000005495 | 1-786697920 |
| Barwy szczescia episode no. 588 | PRE000005511 | 1-786998242 |
| Barwy szczescia episode no. 589 | PRE000005521 | 1-787109679 |
| Barwy szczescia episode no. 590 | PRE000005536 | 1-787110007 |
| Barwy szczescia episode no. 591 | PRE000005558 | 1-787621622 |
| Dzika Polska – June 1, 2012 installment | PRE000005526 | 1-786567462 |
| Euro wedlug Gesslera – episode number 8 | PRE000005487 | 1-786567842 |
| Euro wedlug Gesslera – episode number 9 | PRE000005546 | 1-787110279 |
| EUROexpress – June 4, 2012 installment | PRE000005502 | 1-786698038 |
| EUROexpress – June 5, 2012 installment | PRE000005509 | 1-787109301 |
| EUROexpress – June 6, 2012 installment | PRE000005531 | 1-787109747 |
| EUROexpress – May 31, 2012 installment | PRE000005525 | 1-785099843 |
| Galeria Episode No. 74 | PRE000005463 | 1-784993093 |
| Galeria Episode No. 76 | PRE000005452 | 1-785099603 |
| Galeria Episode No. 77 | PRE000005477 | 1-785099881 |
| Galeria Episode No. 78 | PRE000005491 | 1-786568080 |
| Galeria Episode No. 79 | PRE000005496 | 1-786698256 |
| Galeria Episode No. 80 | PRE000005503 | 1-787109379 |
| Galeria Episode No. 81 | PRE000005522 | 1-787109805 |
| Galeria Episode No. 82 | PRE000005537 | 1-787110095 |
| Galeria Episode No. 83 | PRE000005541 | 1-787147357 |
| Galeria Episode No. 84 | PRE000005559 | 1-787621670 |
| Galeria Episode Number 75 | PRE000005458 | 1-785099333 |
| Gleboka woda Episode No. 11 | PRE000005555 | 1-787161788 |
| Kulturalni Pl – June 2, 2012 installment | PRE000005530 | 1-786609202 |
| M jak Milosc episode number 904 | PRE000005488 | 1-786609260 |
| M jak Milosc episode number 905 | PRE000005498 | 1-786647792 |
| M jak Milosc episode number 906 | PRE000005547 | 1-787161826 |
| M jak Milosc episode number 907 | PRE000005561 | 1-787570258 |
| Maklowicz w podrozy – June 2, 2012 installment | PRE000005485 | 1-786647398 |
| Ojciec Mateusz Episode No. 79 | PRE000005455 | 1-785099401 |
| Ojciec Mateusz Episode No. 80 | PRE000005508 | 1-787109477 |
| Polonia 24 – June 11, 2012 | PRE000005564 | 1-787621708 |
| Polonia 24 – June 4, 2012 | PRE000005501 | 1-786729404 |
| Polonia 24 – June 5, 2012 | PRE000005507 | 1-787109515 |
| Polonia 24 – June 6, 2012 | PRE000005532 | 1-787109863 |
| Polonia 24 – June 7, 2012 | PRE000005534 | 1-787110193 |
| Polonia 24 – June 8, 2012 | PRE000005542 | 1-787147435 |
| Polonia 24 – June 9, 2012 | PRE000005554 | 1-787569812 |
| Polonia 24 -- May 28, 2012 installment | PRE000005460 | 1-784993141 |
| Polonia 24 -- May 29, 2012 installment | PRE000005454 | 1-785099439 |

p1 of 2

| | | |
|---|---|---|
| Polonia 24 – May 30, 2012 | PRE000005465 | 1-785099661 |
| Polonia 24 – May 31, 2012 | PRE000005480 | 1-785099929 |
| Poziom 2.0 Episode Number 83 | PRE000005529 | 1-786568268 |
| Poziom 2.0 Episode Number 84 | PRE000005538 | 1-787147493 |
| Pytanie na sniadanie – June 1, 2012 installment | PRE000005490 | 1-786608616 |
| Pytanie na sniadanie – June 11, 2012 installment | PRE000005560 | 1-787621766 |
| Pytanie na sniadanie – June 4, 2012 installment | PRE000005497 | 1-786729652 |
| Pytanie na sniadanie – June 5, 2012 installment | PRE000005504 | 1-787109563 |
| Pytanie na sniadanie – June 6, 2012 installment | PRE000005523 | 1-787109931 |
| Pytanie na sniadanie – June 8, 2012 installment | PRE000005533 | 1-787147571 |
| Pytanie na sniadanie – May 28, 2012 installment | PRE000005464 | 1-784993179 |
| Pytanie na sniadanie – May 29, 2012 | PRE000005459 | 1-785099477 |
| Pytanie na sniadanie – May 30, 2012 | PRE000005453 | 1-785099699 |
| Pytanie na sniadanie – May 31, 2012 installment | PRE000005478 | 1-785099967 |
| Salon Polonii – June 10, 2012 installment | PRE000005553 | 1-787570296 |
| Salon Polonii – June 3, 2012 installment | PRE000005482 | 1-786647840 |
| Skarby nieodkryte – June 3, 2012 installment | PRE000005483 | 1-786648118 |
| Slownik polsko@polski – June 2, 2012 installment | PRE000005528 | 1-786647466 |
| Slownik polsko@polski – June 9, 2012 installment | PRE000005550 | 1-787569939 |
| Teleexpress – June 1, 2012 installment | PRE000005492 | 1-786608694 |
| Teleexpress – June 10, 2012 installment | PRE000005552 | 1-787621424 |
| Teleexpress – June 11, 2012 installment | PRE000005557 | 1-787621884 |
| Teleexpress – June 3, 2012 installment | PRE000005499 | 1-786648266 |
| Teleexpress – June 4, 2012 installment | PRE000005500 | 1-786729750 |
| Teleexpress – June 5, 2012 installment | PRE000005510 | 1-787109621 |
| Teleexpress – June 6, 2012 installment | PRE000005520 | 1-787109969 |
| Teleexpress – June 7, 2012 installment | PRE000005535 | 1-787110241 |
| Teleexpress – June 8, 2012 installment | PRE000005545 | 1-787147609 |
| Teleexpress – June 9, 2012 installment | PRE000005549 | 1-787570172 |
| Teleexpress – May 28, 2012 installment | PRE000005461 | 1-784993257 |
| Teleexpress – May 29, 2012 | PRE000005456 | 1-785099515 |
| Teleexpress – May 30, 2012 | PRE000005466 | 1-785099757 |
| Teleexpress – May 31, 2012 installment | PRE000005481 | 1-785100005 |
| Zacisze gwiazd – June 3, 2012 installment | PRE000005527 | 1-786697564 |
| Zaloga Eko episode number 16 | PRE000005486 | 1-786647624 |
| Zaloga Eko episode number 17 | PRE000005551 | 1-787570210 |
| Ziarno – June 3, 2012 installment | PRE000005484 | 1-786697862 |

p. 2 of 2

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     )  SS.
COUNTY OF NEW YORK   )

TIMOTHY B. CUMMINS, being duly sworn, deposes and says:

1. I am not a party to this action and am over 18 years of age.

2. On April 29, 2013, I served true copies of the foregoing Third Amended Complaint by electronic transmission and first-class mail to the below listed parties:

>Richard E. Steck, Esq.
>Richard E. Steck & Associates
>19 South LaSalle Street
>Chicago, Illinois 60602
>Attorneys for Defendants
>Intercom Ventures, LLC,
>Intercom Poland, LLC and
>Tony Hoti

>Charles J. Kleiner, Esq.
>One University Plaza
>Hackensack, New Jersey 07601
>Attorney for Defendants
>Intercom Ventures, LLC,
>Intercom Poland, LLC and
>Tony Hoti

_____
Timothy B. Cummins

Sworn to before me this
29th Day of April, 2013

_____
Notary Public

ANTOINETTE PEPPER
Notary Public, State of New York
No. 01PE4973633
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires January 7, 2015