UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPANSKI ENTERPRISES, INC. AND EUROVU, S.A.<br><br>     Plaintiff,<br>vs.<br>INTERCOM VENTURES, LLC,<br>INTERCOM POLAND, LLC, TONY HOTI AND DYLAN BATES<br><br>     Defendant | :<br>:  Case No.: 12 CV 4175<br>:<br>:<br>:  ANSWER OF INTERCOM VENTURES, LLC, AND TONY HOTI TO THE SECOND AMENDED COMPLAINT<br>: |

Intercom Ventures, LLC;, and Tony Hoti, by counsel, for their Answer to the Third Amended Complaint state as follows:

### NATURE OF ACTION

1. The Defendants deny the allegations of paragraph 1, except they admit that Amended Complaint asserts claims for breach of contract, copy infringement, and contributory and vicarious copyright infringement, and that Intercom Ventures, LLC, entered into a License Agreement with EuroVu, SA, a Plaintiff.

### THE PARTIES

2. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 2, and they therefore deny those allegations and demand strict proof thereof.

3. The Defendants admit the allegations of paragraph 3, except the Defendants lack information sufficient to form a belief as to the allegations that EuroVu, SA, is an affiliate of Spanski Enterprises, Inc., and they therefore deny those allegations and demand strict proof thereof.

4. The Defendants admit the allegations of paragraph 4, except they deny that Intercom Ventures, LLC, markets or distributes Polish language programming for IPTV.

5. The Defendants deny the allegations of paragraph 5, except they admit that Tony Hoti is a member of Intercom Ventures.

6. The Defendants deny the allegations of paragraph 6, except they admit that Drilon Qehaja is a member of Intercom Ventures

## JURISDICTION AND VENUE

7. The Defendants admit the allegations of paragraph 7.

8. The Defendants deny the allegations of paragraph 8, except they admit that as to the claims of EuroVu, SA, a Plaintiff, against Intercom Ventures the Court may exercise jurisdiction due to a forum selection clause in the License Agreement between those parties.

9. The Defendants deny the allegations of paragraph 9, except they admit that as to the claims of EuroVu, SA, a Plaintiff, against Intercom Ventures that venue is proper due to a forum selection clause in the License Agreement between those parties.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

10. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 10, and they therefore deny those allegations and demand strict proof thereof.

11. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 11, and they therefore deny those allegations and demand strict proof thereof.

12. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 12, and they therefore deny those allegations and demand strict proof thereof.

13. The Defendants admit the allegations of paragraph 13.

14. The Defendants admit the allegations of paragraph 14.

15. The Defendants admit the allegations of paragraph 15.

16. The Defendants admit the allegations of paragraph 16.

17. The Defendants deny the allegations of paragraph 17.

18. The Defendants admit the allegations of paragraph 18.

19. The Defendants deny the allegations of paragraph 19, but the Defendants admit that the programming may include individual episodes of Polish language television shows.

20. The Defendants admit the allegations of paragraph 20.

21. The Defendants admit the allegations of paragraph 21.

22. The Defendants admit the allegations of paragraph 22.

23. The Defendants deny the allegations of paragraph 23.

24. The Defendants deny the allegations of paragraph 24, except they admit that from time to time Intercom Ventures received correspondence purporting to be default notices.

25. The Defendants deny the allegations of paragraph 25.

26. The Defendants admit the allegations of paragraph 26.

27. The Defendants deny the allegations of paragraph 27.

28. The Defendants deny the allegations of paragraph 28.

29. The Defendants admit the allegations of paragraph 29.

30. The Defendants deny the allegations of paragraph 30, except they admit that Intercom Poland continued to lawfully distribute and transmit the programming of TVP Polonia until June 11, 2012, when it decided independent of any claims or actions by any Plaintiff to voluntarily terminate the distribution and transmission based on its own cost-benefit analysis.

31. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 31, and they therefore deny those allegations and demand strict proof thereof.

32. The Defendants deny the allegations of paragraph 32.

33. The Defendants deny the allegations of paragraph 33.

34. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 34, and they therefore deny those allegations and demand strict proof thereof.

35. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 35, and they therefore deny those allegations and demand strict proof thereof.

36. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 36, and they therefore deny those allegations and demand strict proof thereof.

37. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 37, and they therefore deny those allegations and demand strict proof thereof.

## CLAIM I

### (BREACH OF CONTRACT ASSERTED BY EUROVU, S.A. AGAINST INTERCOM VENTURES, LLC FOR PAST-DUE MONIES OWED)

38. The Defendants re-allege paragraphs 1-37 above as their answer to paragraph 38.

39. The Defendants admit the allegations of paragraph 39.

40. The Defendants deny the allegations of paragraph 40.

41. The Defendants deny the allegations of paragraph 41.

42. The Defendants deny the allegations of paragraph 42.

## CLAIM II

### (BREACH OF CONTRACTED ASSERTED BY EUROVU, S.A. AGAINST INTERCOM VENTURES, LLC FOR FUTURE MANDATORY LICENSE FEES)

43. The Defendants re-allege paragraphs 1-42 above as their answer to paragraph 43.

44. The Defendants admit the allegations of paragraph 44.

45. The Defendants deny the allegations of paragraph 45.

46. The Defendants deny the allegations of paragraph 46.

# CLAIM III

## (DIRECT INFRINGEMENT OF COPYRIGHTS AGAINST INTERCOM VENTRUES, LLC AND INTERCOM POLAND, LLC)

47. The Defendants re-allege paragraphs 1-47 above as their answer to paragraph 47.

48. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 48, and they therefore deny those allegations and demand strict proof thereof.

49. The Defendants admit the allegations of paragraph 49.

50. The Defendants lack information sufficient to form a belief as to the allegations of paragraph 50, and they therefore deny those allegations and demand strict proof thereof.

51. The Defendants deny the allegations of paragraph 51.
52. The Defendants deny the allegations of paragraph 52.
53. The Defendants deny the allegations of paragraph 53.
54. The Defendants deny the allegations of paragraph 54.
55. The Defendants deny the allegations of paragraph 55.
56. The Defendants deny the allegations of paragraph 56.

## CLAIM IV

### (CONTRIBUTORY INFRINGEMENT OF COPYRIGHTS

### AGAINST TONY HOTI AND DRILON QEHAJA)

57. The Defendants re-allege paragraphs 1-56 above as their answer to paragraph 56.

58. The Defendants deny the allegations of paragraph 58.

59. The Defendants deny the allegations of paragraph 59.

60. The Defendants deny the allegations of paragraph 60.

61. The Defendants deny the allegations of paragraph 61.

62. The Defendants deny the allegations of paragraph 62.

63. The Defendants deny the allegations of paragraph 63.

64. The Defendants deny the allegations of paragraph 64.

65. The Defendants deny the allegations of paragraph 65.

66. The Defendants deny the allegations of paragraph 66.

67. The Defendants deny the allegations of paragraph 67.

## CLAIM V

### (VICARIOUSLIABLITY FOR INFRINGEMENT OF COPYRIGHTS

### AGAINST TONY HOTI AND DRILON QEHAJA)

68. The Defendants re-allege paragraphs 1-68 above as their answer to paragraph 68.

69. The Defendants deny the allegations of paragraph 69, except the Defendants admit the Tony Hoti is one of several individual that participate in the management of Intercom Ventures, LLC.

70. The Defendants deny the allegations of paragraph 70.

71. The Defendants deny the allegations of paragraph 71, except the Defendants admit the Drilon Qehaja is one of several individual that participate in the management of Intercom Ventures, LLC.

72. The Defendants deny the allegations of paragraph 72.

WHEREFORE Intercom Ventures, LLC, prays for an Order dismissing this action and all claims contained therein, with prejudice and for an award of its costs herein.

Dated: May 14, 2013

                                    s/Richard E. Steck
                                    Richard E. Steck (RES—2198)
                                    Attorney for Plaintiff
                                    19 South LaSalle St., Suite 602
                                    Chicago, Illinois 60603
                                    airsteck@usa.net
                                    (312) 236-4200

                                    s/Charles J. Kliener
                                    Charles J. Kleiner (CJK—1232)
                                    One University Plaza, Suite 412
                                    Hackensack, NJ 07601
                                    Charles @Kleinerlaw.com
                                    (201) 441-9616