

**Richard E. Steck and Associates**
*Attorneys and Counsellors at Law*

---

*Phone: (312) 236-4200*
*Fax: (312) 896-5927*
*Airsteck@usa.net*

*19 South LaSalle Street*
*Suite 1500*
*Chicago, IL 60603-1435*

June 13, 2013

By Email

The Hon. Analisa Torres
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   <u>Spanski Enterprises, Inc. et ano. v. Intercom Ventures, LLC et al.,</u> Case No. 12-4175-AT (S.D.N.Y.)

Dear Judge Torres:

I represent the remaining defendants in the above-captioned action, and respectfully submit this joint letter on behalf of all parties pursuant to the Court's May 30 Order (dkt. no. 66). In response to the Court's ten (10) requests for information, the parties state the following:

1. Names of counsel and current contact information, if different from the docket; The names and contact information listed on the docket are accurate with the exception of the correct contact information for Charles J. Kleiner, counsel for the Defendants, which is as follows:

> Charles J. Kleiner, Esq.
> One University Plaza, Suite 412
> Hackensack, NJ 07601
> Tel. No. (201) 441-9616
> Fax No. (201) 441-9617
>
> 450 Seventh Avenue, Suite 1308
> New York, NY 10123
> Tel. (347) 739-9739
> Fax No. (212) 629-5825
> E-mail: charles@kleinerlaw.com

1.  **Brief statement of the nature of the case and/or the principal defenses thereto;**

Plaintiffs state as follows:

Plaintiffs assert claims of breach of contract and copyright infringement against Defendant Intercom Ventures, LLC ("Intercom"), and claims of contributory and vicarious copyright infringement against Defendants Tony Hoti and Drilon Qehaja, who are principal members and day-to-day operators of Intercom.

Plaintiff Euro Vu, S.A.("Euro Vu") and Intercom were parties to a January 2011 written license agreement (which contains an integration clause) in which Euro Vu agreed to license certain Polish-language television programming to Intercom for distribution in the United States over the Internet. Intercom then breached the licensing agreement by failing to pay the required licensing fees; yet following the valid termination of the agreement for failure to pay fees, in concert with Hoti and Qehaja, it continued to distribute the programming without license, and willfully infringed the copyrights of Euro Vu and its corporate affiliate Plaintiff Spanski Enterprises, Inc. ("SEI").

Defendants state as follows:

A suit by Intercom Ventures, LLC, preceded the action of Plaintiff, but by agreement was brought into the existing action as counterclaim. Intercom Ventures claims that a Plaintiff, Euro Vu, breached the license agreement between them and that Intercom Ventures therefore terminated it with notice that provided it ninety days after termination to cease any distribution of Euro Vu licensed programming. It seeks a declaratory judgment construing the agreement and a judgment that it properly terminated the agreement. Intercom Ventures also claims damages for negligent representation and fraud based on being wrongfully induced into entering the license agreement and paying significant minimum royalties by false representations that Euro Vu had rights to the programming it licensed for a minimum of five years.

Intercom Ventures, LLC, disputes any claims of copyright infringement in that 1) it had the right to distribute programming for ninety days after termination of its contract with Euro Vu, and 2) it never distributed any Polish-language television programs; although It received a license from Euro Vu, with the knowledge and consent of Euro Vu distribution took place through Intercom Poland, LLC, a party initially named in this suit which Plaintiffs dismissed immediately after settlement with Dylan Bates, who owned and controlled the Manager of Intercom Poland, DBPol, LLC. Neither Intercom Ventures nor Tony Hoti nor Drilon Qehaja, had any authority to manage or control Intercom Poland, the Manager of which, DBPol, had sole authority. None of the existing defendants caused Intercom Poland to continue distributing programming by Intercom Poland after termination of the license agreement, regardless of which party terminated it.

**3. A statement of all existing deadlines, due dates, and/or cut-off dates;**

    A pre-trial conference is scheduled for June 21 at 2:30 p.m.
    A joint Pre-Trial Order is due July 26.
    A final pre-trial conference is scheduled for August 9 at 10 a.m.

**4. A statement of any previously scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;**

    A pre-trial conference is scheduled for June 21 at 2:30 p.m.
    A final pre-trial conference is scheduled for August 9 at 10 a.m.

**5. A brief description of any motion that has been made, including the date of the motion and whether the motion has been decided;**

There are no pending motions.

Plaintiffs moved for a preliminary injunction on or about May 25, 2012 (dkt. no. 3). The parties thereafter entered into an agreement that mooted the preliminary injunction motion (dkt. no. 19).

Dylan Bates, formerly a Defendant in this case, moved, on August 31, 2012, to dismiss the claims against him for lack of personal jurisdiction and failure to state a claim (dkt. no 36). Bates withdrew his motion on November 19 (dkt. no. 53). Plaintiffs and Bates confidentially settled the claims against him, and Bates was dismissed from this action effective February 4, 2013 (dkt. no. 54).

Plaintiffs wrote a pre-motion letter to the Court on April 2, 2013 seeking to add Qehaja as a defendant. Following a pre-motion conference on April 24, 2013, the Court permitted Plaintiffs to add Qehaja (dkt. no. 58).

**6. A statement of whether there are any pending appeals;**

    There are no pending appeals.

**7. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;**

Discovery in this case closed on June 12, 2013 (dkt. no. 58). Plaintiffs and Defendants each produced several thousand pages of documents to the other side. Plaintiffs took four depositions and Defendants took one deposition.

**8. A statement describing the status of any settlement discussions, and whether the parties have a joint interest in referral to a United States Magistrate Judge for settlement purposes;**

The parties have engaged in extensive settlement discussions on two occasions since this case began in May 2012. The parties discussed settlement shortly after Plaintiffs commenced this case and moved for a preliminary injunction, and the parties held lengthy settlement discussions between November 2012 and March 2013. These discussions did not result in a complete resolution to the case, although Plaintiffs have confidentially settled with and dismissed Defendant Dylan Bates, and voluntarily dismissed Defendant Intercom Poland, LLC, as a result of these discussions.

The Plaintiffs do not believe that a Magistrate Judge would improve the prospect of settlement.

**9. An estimate of the length of trial; and**

The parties estimate that a trial would last three (3) to four (4) full days.

**10. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

<u>Defendants state as follows:</u> Intercom Ventures, LLC, Tony Hoti and Drilon Qehaja, now that discovery has closed, will seek leave to file a motion for summary judgment as to all claims that they infringed copyrights, or are liable vicariously or as contributing to the violation of copyrights. Intercom Ventures will also seek leave to file a motion to limit the contract damages claimed by Euro Vu to actual damage, on the grounds that Euro Vu is improperly attempting to measure damages by use of a clause in the license agreement which provides for certain minimum payments as a liquidated damage clause. The existing Defendants may also seek to have the copyright infringement claims dismissed based on the settlement by Plaintiffs with now dismissed parties, whom the Plaintiffs alleged had directly infringed the copyrights.

                                              Respectfully submitted,

                                              Richard E. Steck

cc:     Jonathan Zavin (via e-mail)